## ALLEN v. VAN.

A plaintiff has a clear right to dismiss his suit, at any time before an answer is filed, without the leave of the court.

The statute contemplates that a defendant shall be compensated for his actual, necessary trouble and expense in getting the venue set right, when sued in a wrong county, whether he attends in person or by another.

Where suit was instituted in one county against the defendant, who resided in another county, and at the return term of the court, the defendant appeared by attorney, and applied for a change of venue to the county in which defendant resided, and claimed compensation for attending in the wrong county, pending which application, no answer having been filed, the plaintiff asked leave to dismiss his suit; and where the court granted the change of venue, and awarded twenty dollars to defendant, for expenses in attending at the wrong county; *Held,* 1. That after the withdrawal of the suit by the plaintiff, there was nothing to transfer to another county, and the court erred in granting the change of venue; 2. That the court properly granted the defendant compensation.

### *Appeal from the Polk District Court*

PLAINTIFF instituted his suit in Polk county, against the defendant, a resident of Harrison county. At the return term, defendant appeared by attorney, and applied for a change of venue to the latter county, and also claimed compensation for trouble and expense occasioned by attending in the wrong county. Pending this application, plaintiff asked leave to dismiss his suit, no answer having been filed. The defendant had not attended in person at Polk county.

Allen v. Van.

The court granted the change of venue, and awarded twenty dollars' expense, for attending in the wrong county. Plaintiff appeals, and insists, first: That the granting a change of venue, after he had applied to dismiss his suit, was erroneous; second: that the compensation allowed by section 1702 of the Code, for trouble and expense of attending in the wrong county, is solely for the trouble and expense of a *personal* attendance : and as it appears that defendant appeared by attorney, and did not appear in person, there was, therefore, error ; and that counsel fees are never taxed against a losing party.

*Williamson & Brown*, for the appellant.

ISBELL, J.—The plaintiff had a clear right to withdraw his suit, at any time before answer filed.    Code, 1801 ; *Burlington & M. Railroad Company* v. *Sater, ante,* 421.    This right was his, without leave of the court.    After withdrawing his suit, nothing remained to transfer to another county.    In granting the change of venue, then, the court erred.

With regard to the second ground assumed as error, by the appellant, we hold that the statute contemplates that a defendant shall be compensated for his actual necessary trouble and expenses, in getting the venue set right, when sued in a wrong county, whether he attends in person, or by another.    There is nothing before us showing what these expenses actually were ; and we must presume, that the court had sufficient evidence to justify its finding in this particular.

The judgment of the court, granting the change, will be reversed, and the court will enter a discontinuance of the cause.    So much of the judgment as relates to costs, and for trouble and expense in attending at the wrong county, is affirmed.