## The Farmers' & Traders' Bank of Leon v. Cohen et al.

1. **Venue:** ACTION IN WRONG COUNTY: MISJOINDER: CHANGE OF VENUE: COSTS. Y. & P., residents of Decatur county, drew in their own favor a draft on C., a resident of Polk county, and indorsed it to the plaintiff. C. refused to honor the draft, and plaintiff brought suit thereon against the drawers and the drawee in Decatur county. *Held—*

   (1) That C. was improperly joined with Y. & P., and that as to C. Decatur was as essentially the wrong county as if he had been sued alone.

   (2) That C. was entitled to have the cause as to him removed to the county of his residence, and to an allowance for his expenses in attending in the wrong county to secure such removal.

   (3) That, after his motion for such relief had been overruled, and he had filed an answer, and the plaintiff had dismissed the cause without prejudice as to him, he was yet entitled to his expenses for appearing in the wrong county.

*Appeal from Decatur District Court.*

Thursday, March 17.

This action was brought against the defendant Cohen on an account for attorney's fees, and against the defendants Young & Parrish, on a draft. The defendant Cohen appeared, and filed a motion for the removal of the case as to him from the district court of Decatur county to the district court of Polk county, and for an allowance of his expenses; the motion being based upon the ground that he was a resident of Polk county. The court overruled the motion, to which he excepted. He then filed an answer. Afterwards, the plaintiff dismissed the action as to Cohen, and took judgment against the other defendants. From the order overruling the defendant Cohen's motion for a removal, and for an allowance for expenses, he appeals.

*Read, Hutchinson & Read*, for appellant.

*Stephen Varga*, for appellee.

Adams, Ch. J.—The case comes to us upon a certificate,

the amount involved being less than $100, and the questions certified are as follows:

"*First*.   When action is commenced in Decatur county by a resident thereof against another resident, also joining with such resident defendant a resident of Polk county, Iowa, and where the plaintiff alleges as cause of action that defendant Cohen, who was a resident of Polk county, was indebted to the other defendants in the sum of seventy-five dollars for professional services; that defendants Young & Parrish drew a sight draft upon said Cohen for seventy-five dollars, stated in said draft to be for said professional services, in favor of themselves, and indorsed the same to the plaintiff; and that said Cohen refused to accept said draft, and refused payment thereof; and that, by reason of the premises, defendants are indebted to the plaintiff in said sum of seventy-five dollars, —a copy of said draft being set out in the petition showing the indorsement to plaintiff by Young & Parrish; and when, before answer, such non-resident defendant appeared and moved the court to change the place of trial of said cause, so far as the same related to him, to Polk county, the county of his residence, on the ground of his residence in Polk county; and that the action of plaintiff as to him was improperly brought in Decatur county, and to award him his costs and compensation for attending at the wrong county,—did the court err in overruling said motion, and in refusing to grant such change of place of trial, and to award costs and compensation as asked?

"*Second*.   When action is brought as above stated, reference being made to the statements above contained, and they being made a part hereof, and, in addition thereto, when, after judgment is rendered by default against such resident defendants upon said draft as the drawers and indorsers thereof, and where, after the overruling of such non-resident's motion to change the place of trial to the county of his residence as above stated, such non-resident defendant answers, denying any indebtedness, and setting up a misjoinder of causes

of action and of defendants, and want of jurisdiction over him by reason thereof, and of his residence in Polk county, Iowa; and where, when such cause is called for trial on the issues between plaintiff and such defendant on motion of plaintiff, the action is dismissed without prejudice, and the said defendant thereupon moves the court to award him, against plaintiff, his costs and compensation and expenses incurred by reason of being compelled to attend at the wrong county for the trial of said cause, on the ground of his residence in Polk county, his improper joinder in said action, the bringing of said action against him in Decatur county, and the failure to obtain judgment against such non-resident defendant on the alleged cause of action against such non-resident defendant, and to award him his costs, compensation and expenses,—did the court err in overruling said motion, and refusing to award such costs, compensation and expenses?"

It is manifest that the liability of Young and Parrish was solely upon the draft, and in no way dependent upon the question of Cohen's liability. The two causes of action were distinct. There was, therefore, an improper joinder, and Decatur county was, as to Cohen, as essentially the wrong county as if he had been sued alone. He had, then, a right to have the case sent to Polk county, and, after he had been put to the expense of filing a motion for that purpose, we think that he was entitled to an allowance for expenses. It was, of course, the plaintiff's right to dismiss as to him; but we do not think that the dismissal should affect Cohen's rights to an allowance for expenses. Such allowance, it appears to us, was in the nature of costs, and a defendant, though the action be dismissed as to him, is still in court for the determination of any question of costs. The case, we think, must be reversed, and remanded for such order in respect to an allowance for expenses as would have been proper if the motion for a removal had been sustained.

REVERSED.