DAVIS v. KIMBALL *et al.*

**Venue :** SUIT AT WRONG PLACE AS TO TWO OF FIVE COUNTS : CHANGE OF VENUE : EXPENSES. This action, in five counts, was brought in the district court at Avoca, but the court would have had no jurisdiction at that place (it not being the county-seat) of the causes of action set up in two of the counts, had they stood alone. Defendants moved that as to these two counts the cause be removed to Council Bluffs, which was the county-seat and the place of their residence, and that they be allowed compensation for trouble and expense in attending at the wrong place. *Held* that the motion was properly overruled on both points, and that their proper remedy, if they were not willing to try the whole case at Avoca, was to move to strike out those counts of which the court had no jurisdiction.

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

FILED, MARCH 9, 1888.

THIS is an action at law, and was brought in the district court at Avoca, in Pottawattamie county. The petition contains five counts, three of which were upon promissory notes made payable, at Avoca, to the order of J. W. Davis, and by him transferred to the plaintiff. The other two counts were for the wrongful conversion of certain property and money of the plaintiff by the defendants. The defendants, who reside in the city of Council Bluffs, appeared and made an application for a change of the place of trial of the demands set forth in the said last two counts. They also demanded a reasonable compensation for trouble, expenses, etc., for being

compelled to appear at Avoca. The plaintiff filed objections to the application for a change of the place of trial, and on the same day dismissed that part of the action contained in said two counts. Afterwards the court overruled the application, and refused to allow the defendants any compensation. Defendants appeal.

*Fremont Benjamin* and *Finley Burke*, for appellants.

*Turner, Smith & Cullison*, for appellee.

ROTHROCK, J.—The defendants did not demand that the venue of the whole suit or action be changed. They could not rightfully do this, because the court at Avoca had jurisdiction of the action so far as it related to the promissory notes payable at Avoca. They demanded that the petition should be divided, and part of the claims should be tried at one place and part at another. This they had no right to require. They were rightfully in court at Avoca on that part of the suit which was brought upon the promissory notes. If they did not desire to try the other counts of the petition, then they should have moved to strike them from the petition. But the plaintiff saved them that trouble by striking them out on her own motion.

This is all there is of the case. We need not determine the other questions discussed by counsel.

AFFIRMED.