# West *v.* Emanuel.

*Negligence—Druggist—Headache powders—Proprietary medicines.*

In the sales of patent or proprietary medicines furnished by the compounder of the ingredients which compose them, the druggist is not required to analyze the contents of each bottle or package he receives. If he delivers to the consumer the article called for with the label of the proprietary or patentee upon it, he cannot be justly charged with negligence in so doing, and will not be liable for an injury caused by the preparation.

Argued Oct. 24, 1900. Appeal, No. 105, Oct. T., 1900, by plaintiff, from order of C. P. No. 3, Allegheny Co., May T., 1899, No. 299, refusing to take off nonsuit in case of Mary E.

West v. Louis Emanuel.    Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Trespass to recover damages for the death of plaintiff's daughter.    Before McCLUNG, J.

At the trial it appeared that Edna West, a girl twenty years old, a daughter of plaintiff, on November 27, 1898, purchased from defendant a "Kohler's Headache Powder" and five hours after taking the powder died apparently from the effect of it. It appeared from the evidence that Kohler's Headache Powder was a proprietary medicine sold in packages to drug stores.

The court entered a nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Charles A. O'Brien*, with him *Charles W. Ashley*, for appellant.—The vendor of drugs is bound to know what he is selling to such an extent, at least, as to insure that he is not selling the ignorant public a deadly poison disguised as a useful medicine: Act of May 24, 1887, P. L. 189; Act of June 16, 1891, P. L. 313; Fleet v. Hollenkemp, 13 B. Monroe (Ky.), 227; Thomas v. Winchester, 6 N. Y. 397; Longmeid v. Holliday, 6 Exch. Rep. 761

*George H. Quaill*, for appellee, cited: McDonald v. Snelling, 14 Allen, 290; Norton v. Sewall, 106 Mass. 143; Fisher v. Golladay, 38 Mo. App. 540; Brown v. Marshall, 47 Mich. 576; Beckwith v. Oatman, 43 Hun (N. Y.), 265; East End Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; LeGrand v. Wilkes-Barre Traction Co., 10 Pa. Superior Ct. 12; Ray v. Burbank, 61 Georgia, 505.

PER CURIAM, January 7, 1901:

At the close of the plaintiff's case and on motion of the defendant, the court entered a compulsory nonsuit, which on application of the plaintiff, it refused to take off. As the evidence introduced by the plaintiff failed to establish or disclose a cause of action against the defendant, the nonsuit was properly entered.    The Kohler headache powders were in demand at least

twelve or fifteen years ago and from that time on they were to be found for sale in most, if not all, of the principal drug stores. They were recognized and regarded as an efficient and proper remedy for headaches and were mainly used to relieve them. They were a patent or proprietary medicine manufactured by Kohler and sold by him to the drug stores which sold them to their customers. In the sales of patent or proprietary medicines furnished by the compounder of the ingredients which compose them, the druggist is not required to analyze the contents of each bottle or package he receives. If he delivers to the consumer the article called for with the label of the proprietary or patentee upon it, he cannot be justly charged with negligence in so doing.

Judgment affirmed.