THE FIRST NATIONAL BANK OF NEWTON, IOWA, Appellee, v. A. B. SHRIVER, Appellant.

**Personal actions:** WHEN BROUGHT IN WRONG COUNTY: REMEDY. Personal actions should be brought in the county where the defendant resides, unless based upon a written contract providing for

the payment of money or for performance elsewhere, or the defendant makes no objection that it is brought in the wrong county. And this rule is not obviated by joining a cause of action of that character with a suit on a promissory note rightfully brought in another county because payable there, if objection to the jurisdiction is made; and a proper remedy for defendant under such circumstances is a motion to strike the cause of action thus improperly joined.

*Appeal from Jasper District Court.*—HON. B. W. PRESTON, Judge.

MONDAY, OCTOBER 23, 1911.

THE opinion states the essential facts of the case. *Reversed.*

*Dunshee & Haines,* for appellant.

*Morgan & Korf,* for appellee.

WEAVER, J.—The defendant is a resident of Polk county, and this action was brought against him in Jasper county. The petition sets up in separate counts two causes of action; the first being upon a promissory note, payable by its terms in Jasper county, and the second upon a claim for commission on the sale of land in Texas, pursuant to an alleged oral agreement therefor. The defendant appearing to the action moved to strike out the second count of the petition, alleging in support thereof his residence in Polk county and his consequent nonliability to be sued upon said oral contract in any other county. This motion was overruled, and, defendant refusing further to plead, judgment was rendered against him by default. From that judgment he has appealed.

Appellant relies upon the precedent afforded by the decision of this court in *Davis v. Kimball,* 74 Iowa, 84, and if we are not to ignore the authority of that case his

contention must be sustained. In that case as in this the
plaintiff in separate counts set up separate causes of action
against the defendant, who was a resident of another
county in this state. As in this case, also, one count was
upon a promissory note, payable in the county where the
action was pending, while the other counts were based
upon demands for damages for the conversion of personal
property. Defendant, setting up his nonresidence, moved
to transfer the action upon the last-mentioned demands
to the county of his own local jurisdiction, and for costs
and expenses incurred in making application for the
change. Thereupon plaintiff dismissed his action as to
said counts and the court denied the motion, and refused
to allow defendant the compensation claimed. On appeal
this court affirmed the ruling of the trial court, on the
theory, as there stated, that defendant could not rightfully
demand that the actions be severed, and a part of the issue
transferred to the court of his own county. Having stated
this proposition, the opinion proceeds: "This they had
no right to require. They were rightfully in court at
Avoca on that part of the suit which was brought upon
the promissory note. If they did not desire to try the
other counts of the petition, then they should have moved
to strike them from the petition, but plaintiff saved them
that trouble by striking them out of her own motion."
Appellee concedes the apparent effect of this language, but
says the decision is an ill-considered one, and that in any
event the statement as to the defendant's proper remedy
is a mere *dictum,* and is therefore not controlling. Such,
we assume, was the view of the trial court. We think,
however, that the decision referred to can not be thus
easily disposed of.

The statute permitting the union in one action of
various demands is specifically limited to those in which
suit "may be brought and tried in the same county."
Code, section 3545. The general rule is that all personal

actions must be brought in the county where the defendant actually resides, provided, of course, that he be a resident of the state. Code, section 3501. To this rule an exception is provided where the action is upon a written contract to pay a debt, or to perform any other act, in another county. Code, sections 3545, 3496. Very clearly, we think, the plaintiff holding a promissory note, payable in his own county, against a resident of another county can not, without the consent of the latter, unite in one suit other and entirely unrelated causes of action, which confessedly could not be separately prosecuted in that jurisdiction. If this be the case, then a defendant thus sued must have some remedy, either by a dismissal of the causes of action improperly joined or by a removal of such causes to the court of his own county. *Davis v. Kimball, supra,* is certainly authority for the proposition that the demands may not be severed, and some of the issues sent to the defendant's county for trial; otherwise it must there have been held that defendant was entitled to costs or compensation for being required to appear in the wrong jurisdiction. Code, section 3504.

Indeed, the court there expressly declares that the right to such severance and change does not exist, and in the same connection very properly undertakes to point out the true remedy, which it says is by motion to strike. This, in our opinion, is something more than mere *dictum,* and until overruled the profession of the state is entitled to regard it as an authoritative precedent. The cases cited by the appellee are in no wise inconsistent with this conclusion. Were the question an open one, some members of the court would not hesitate to hold it good practice to order the causes of action severed, and those improperly joined to be sent to the court of the defendant's county for trial; but we unite in regarding it better to adhere to the established precedent, than to introduce confusion and uncertainty in our practice by overruling it.

It follows that the court erred in denying the defendant's motion, and in assuming jurisdiction to enter judgment against him on the second count of the petition.

The judgment will be reversed and the cause remanded for further proceedings in harmony with this opinion. *Reversed.*