JACK BRUCE, Appellee, v. STATE SERUM & SUPPLY COMPANY, Appellants.

**VENUE: Agency in County—Failure to Deny Allegation.** A defendant who is a resident of the state, but not of the county in which he is sued, does not legally confess that he maintains such an agency in the county of suit as would authorize suit in such county, by failing to deny in his answer an allegation that a codefendant (1) resides and has *his* principal place of business in said county, and (2) is agent for the nonresident defendant.

**VENUE: Foreign Defendant Proceeding With Trial—Effect.** A defendant who is a resident of the state, but not of the county of suit, and is joined with a codefendant alleged to be his agent, may not be held to have consented to trial in said foreign county by failure to object to the sufficiency of the stated cause of action against the agent, when the petition does not show that the agent acted *solely* as agent.

**DISMISSAL AND NONSUIT: Dismissal as to Resident Entitles Nonresident to Dismissal.** A dismissal of an action against a resident of the county of suit (there being but two defendants) entitles the codefendant who is a resident of the state, but not of the county of suit, and who maintained no agency in such county, not only to a transfer to the county of his residence, *but to a dismissal.* A motion

for dismissal is timely when made after the overruling of motion for transfer, and on the same grounds.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

MAY 4, 1920.

REHEARING DENIED DECEMBER 20, 1920.

VERDICT and judgment for plaintiff, on the claim that plaintiff was damaged by the negligence of defendant, in furnishing him impure serum and virus for inoculation as a preventative of hog cholera. Defendant appeals.—*Reversed.*

*Guy Mack* and *Healy & Faville,* for appellant.

*Dugan & Dugan,* for appellee.

SALINGER, J.—I. Since we cannot consider the merits of this appeal if appellant's motion for change of place of trial or its motion to dismiss, or either of them, should have been sustained,

1. VENUE: agency in county: failure to deny allegation.

we address ourselves first to these motions. We think the record shows, beyond question, that the defendant company was a corporation having its habitat in Polk County, and that it was not suable in Dallas County unless it maintained an agency in that county which, under the statute, authorized the maintenance of suit against it therein. This position is not challenged by appellee, and he relies upon the claim that, on the record, we should hold that such agency was maintained in Dallas County. The plaintiff made the alleged agent a codefendant with the defendant corporation. The agent did reside in Dallas County. But, as we understand it, appellee does not concern himself with whether the defendant corporation did, in fact, and through the alleged agent, maintain an agency in the county, within the scope of the statute fixing venue, where a transaction made the basis of suit grows out of an agency. In effect, he urges that the appellant is in no position to assert that there was not such an agency. He says, first, that his petition alleged such

an agency, and that this allegation was not denied in answer. Upon these premises, he contends that his claimed allegation must be taken to be true, whatever the fact may be; and he relies upon *Marquardt v. Thompson*, 78 Iowa 158, and *Leach v. Kohn*, 36 Iowa 144, as sustaining his position.

Assuming that these so hold, and that, therefore, the deduction is sound, yet the question remains whether the premise can be maintained. Was there such an allegation? Appellant says there was not. It concedes the petition has a general statement that Repp "is an agent of said State Serum & Supply Company, and receives a commission and profit for the virus and serum that he uses and buys of said company;" and that there is an allegation that Repp is a resident of Dallas County, and that his principal place of business is in that county. But it points out, and we think it true, there is no allegation that defendant maintained any such office or agency, or that the action grew out of or was connected with the business of any office or agency of defendant company in Dallas County. Appellant could not waive the right to be tried in the proper county by a failure to deny what was not alleged. Moreover, the motion to transfer was not made until plaintiff had offered evidence, and in that evidence he himself showed that Repp was authorized to make whatever profit he saw fit on the sale of the defendant's product; that he can make either nothing or charge whatever he wished to; that:

"There is not a single agency of the company or a representative thereof as an agency outside of the direct employees of the plant itself, including myself (the witness) and Mr. Cunningham. Dr. Repp is not in any way or in any manner connected either with the State Serum & Supply Company, as an agent; he has no authority as a representative of the company in any manner, way, or character whatever; he pays for serum the same as any other veterinarian; he runs no account, and buys C. O. D. on every dollar."

Evidently the plaintiff thought the question of agency was in issue. And in an undisputed affidavit, attached to the motion for change, it is stated that the defendant company "never had any office, place of business, or agency within the state of Iowa, other than its principal place of business at Des Moines." On

this record, it may not be said that either failure to deny or failure to assert conferred jurisdiction.

1-a

Another avoidance is that, though plaintiff made Repp a codefendant, the petition showed on its face that he was under no liability, and that there was no cause of action against him, because it was there disclosed that Repp had acted merely as an agent. Upon this premise is builded the argument that, where one fails to raise the question whether a cause of action is stated against the resident codefendant, he, in effect, admits that the nonresident defendant alone is sued, and, by failing to object to that situation, consents to trial, though without such consent he might demand a removal to the proper county. Here again the deduction may be conceded. See *West v. Emanuel*, 198 Pa. 180 (47 Atl. 965); *Davis v. Kimball*, 74 Iowa 84; *First Nat. Bank v. Shriver*, 152 Iowa 504. But what we have already said demonstrates that the premise is untenable. The petition may be conceded to allege that individual acts of two defendants caused the plaintiff damage. But it does not show that the injury, if any, caused by Repp was caused by his acting solely as an agent of the company. Here again it should be called to attention that, before the motion to transfer was made, it had appeared that whatsoever Repp did was merely as the buyer of serum, and not as an agent of the corporation that manufactured it and sold it at wholesale to all comers, including Repp.

We conclude the motion to change the place of trial to Polk County should have been sustained.

II.   The plaintiff dismissed his suit against Repp. It is not denied that, ordinarily, this would entitle the defendant company, the nonresident, to have a dismissal as to itself as well. It did move a dismissal, on the ground that plaintiff had dismissed as to the resident. This motion was overruled. The only defense of the ruling is that the motion to dismiss as to the corporation was not made on the instant that plaintiff had dismissed against the resident. Why the motion to dismiss was overruled is shown in the following statement by the trial

*2. VENUE: foreign defendant proceeding with trial: effect.*

*3. DISMISSAL AND NONSUIT: dismissal as to resident entitles nonresident to dismissal.*

judge: He states that when, at the close of the testimony for plaintiff, he dismissed his case against Repp, the codefendant company immediately moved a transfer, on the ground that defendant was a resident of Polk County, and because the case as to the codefendant had been dismissed; that the court believed, at the time when this motion was made, that the defendant corporation was' not entitled to a change, and therefore overruled the motion; that the case then proceeded to trial during the remainder of that day and all of the forenoon of the next day, and then motion was filed, asking dismissal on the same grounds that had been urged to support the' motion for a change of venue. And—

"The court now rules that, whatever merit the last motion would have if presented at the time when the case was dismissed as to Repp, defendant having permitted the case to proceed to trial after such dismissal, the court thinks the action is not timely, and the motion is, therefore, overruled."

We are unable to sustain this conclusion. In the first place, the motion for change of place of trial was in part grounded upon the fact that the case against Repp had been dismissed. True, the relief asked was a change of place of trial, and not a dismissal: in other words, defendant asked less than it perhaps was entitled to. None the less, it had signified to the court that, because of the dismissal, it contended it could no longer rightfully be held in Dallas County. The court ruled that, although the suit had. been dismissed against the resident, the venue could not be changed. This ruled that the defendant must remain where it was. Every moment after that ruling, it was erroneously held in Dallas County: First, because it never should have been impleaded there; and, second, because there had been a dismissal against Repp. About all that it might have done which it did not do, was to remove itself and its counsel physically from the court room. It did not waive the lack of jurisdiction by failing to flee physically. It had protested against being retained, and had assigned its reason, taken its exceptions, and all knew that the subsequent trial was not of its own volition, and was not acquiesced in. There was no waiver. Without waiver, the motion to dismiss was confessedly well taken, after plaintiff had dismissed as to Repp. After

the motion for change of venue had been erroneously over-ruled, this error could not be cured by remaining to participate in the trial. Indeed, in no true sense did defendant participate. It did not "go to trial and introduce evidence." It merely failed to run away physically. That failure did not confer jurisdiction. It follows that, despite mere delay in filing the second motion, one to dismiss was just as tenable as if that motion had been added to the one for change of venue. The motion to change was in part based upon the same grounds which were a basis for a dismissal. In fact, the motion to dismiss merely asked additional relief, to wit: that, instead of transferring to the proper county, the case should be dismissed. In substance, the effect of the two motions was the same. Had the venue been changed, there would have been a trial in Polk County. Had the motion to dismiss been sustained, plaintiff could at any time bring a new suit, and try it in Polk County.

Our final conclusion is that the motion for change of venue should have been sustained; that the motion to dismiss should also have been sustained; and that nothing appearing in the record has estopped appellant to complain of the error committed in overruling either of said motions. It follows the judgment below must be—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.