M. A. HOYT, Administrator, Appellant, v. C. J. ECKLES et al., Appellees.

**VENUE:** Residence of Parties—Effect of Dismissal. Nonresident defendants in an action for damages for conspiracy are entitled to a

dismissal whenever a dismissal is entered as to all resident defendants.

*Appeal from Buena Vista District Court.*—D. F. COYLE, Judge.

MAY 15, 1923.

REHEARING DENIED SEPTEMBER 22, 1923.

ACTION to recover damages for wrongful conversion of a crib of corn located upon plaintiff's premises in Calhoun County, Iowa. At the close of plaintiff's evidence, the case was dismissed by the court, on motion of defendants. Plaintiff appeals.
—*Affirmed.*

*Charles D. Goldsmith,* for appellant.

*E. C. Stevenson, John W. Jacobs, J. F. Lavender,* and *Guy E. Mack,* for appellees.

ARTHUR, J.—We do not have occasion to consider and discuss the facts disclosed in the record, further than as the facts developed related to the jurisdiction of the court to entertain the case at different stages of the proceeding.

On April 29, 1918, the war council of Calhoun County, Iowa, composed of some ten citizens, who are the appellees in this case, other than C. C. Scott, who was the county agent of Calhoun County, and A. L. Riseley, who was a marshal appointed by the governor of the state to assist the war council in the performance of its duties, and Frank Reding, who was in no way connected with the war council, seized and condemned the crib of corn in controversy, containing 700 or 800 bushels, and put the corn in charge of appellee C. C. Scott, the county agent, to furnish seed corn to farmers of Calhoun County who might be in need of seed corn. This crib of corn was taken charge of by the county agent, under the direction of the war council, on the 29th day of April, 1918, and disposed of to various farmers. Appellee Frank Reding bought five bushels of corn at the Hoyt farm, and paid $20 therefor. Whether it was corn from the crib in controversy, the record does not show.

The petition did not disclose the residences of the defendants. It appeared upon the trial that all of the defendants, other than Frank Reding, were actual residents of Calhoun and Sac Counties, Iowa. Frank Reding was made a party defendant, so that the action might be brought in Buena Vista County. The action was based on the alleged conspiracy of the defendants to convert the crib of corn to their own use. The evidence offered by appellant failed to disclose that Frank Reding in any manner conspired with anyone in conversion of the crib of corn. On the contrary, the record shows conclusively that Reding did not participate in the conversion of the crib of corn. The record discloses that Reding never knew of the crib of corn's being converted, and he never had any talk with or in any way conspired or acted with any of the defendants about taking the crib of corn. The trial court said that:

"The record fails to show that the defendant Reding conspired or combined with the other defendants in any way."

When this state of facts developed, appellee Reding moved to withdraw the case from the consideration of the jury as to him, and to have a verdict in his favor directed, for the reasons that there was no evidence in the record sustaining the allegations of plaintiff's petition that he in any way conspired with any of the other defendants or entered into any combine with any of the defendants to convert the crib of corn; that there was no evidence that the five bushels of corn purchased by him was the corn alleged to have been converted; that the record showed without dispute that, if the five bushels of corn he purchased formed any part of the corn in controversy, his purchase was made on May 6, 1918, in good faith, without any knowledge of any defect in the title, and after its conversion by the other defendants; and that, under the evidence, there was a misjoinder of both parties defendant and causes of action. The motion was sustained, the trial court at the time saying, among other things:

"The record fails to show that the defendant Reding conspired or combined with the other defendants in any way."

Appellant complains of this ruling. Appellees alleged misjoinder of parties and misjoinder of causes of action in their answers.

After the action was dismissed as to Reding, the defendants other than Reding moved to dismiss the action as to them, on the ground that the record showed that all of the defendants except Reding were nonresidents of Buena Vista County, and that the action was improperly brought in Buena Vista County, because the ruling on the motion dismissing the action as to Reding left the court without jurisdiction as to the other defendants. This motion was sustained. Appellant complains of such ruling.

Defendants filed separate answers, and pleaded misjoinder of causes of action and misjoinder of parties defendant. Such misjoinders did not appear upon the face of the petition until upon the trial. There is no doubt that the misjoinders could be and were then properly taken advantage of. *Cogswell v. Murphy*, 46 Iowa 44; *Faivre v. Gillman*, 84 Iowa 573; *Barnes & Son v. Ennenga*, 53 Iowa 497; *Mendenhall v. Wilson*, 54 Iowa 589.

After the action was dismissed as to Reding, the only defendant who was a resident of Buena Vista County, the nonresident defendants were entitled to have the case dismissed as to them. Code Section 3502; *Constantine v. Rowland*, 147 Iowa 142; *Woodling v. Mitchell*, 127 Iowa 262; *Bruce v. State Serum & Supply Co.*, 190 Iowa 343.

We find no reason to disturb the rulings of the court and the judgment for costs which was entered against plaintiff. The case is—*Affirmed*.

Preston, C. J., Evans and Faville, JJ., concur.