STATE OF IOWA ex rel. H. M. HAVNER, Attorney-general, Plaintiff, v. ASSOCIATED PACKING COMPANY et al., Defendants.

DUTTON STAHL, Successor to GEORGE C. WILLIAMS, Receiver, Appellant, v. AUGUST GROSS et al., Appellees.

No. 41946.

NOVEMBER 14, 1933.

Parrish, Cohen, Guthrie & Watters and Chas. Hutchinson, for appellant.

M. A. Roberts, S. W. Livingston, and S. G. Van Auken, A. A. McLaughlin, Donald Evans and O. M. Brockett, for appellees.

Bradshaw, Schenk & Fowler, Ben J. Gibson, and White & Clarke, amici curiæ.

Mitchell, J.—The appellant, the receiver for the Associated Packing Company, originally brought an action in the district court of Polk county, Iowa, against all the appellees and others, in which the receiver attempted to join in one action an action in equity, to secure an assessment against the subscribers to the capital stock of the Associated Packing Company, and actions at law against each of said appellees, asking personal judgments against each of them for the amount claimed to be due on said assessment. The appellees are 337 in number. They are a part of the 800 subscribers of the Associated Packing Company who were sued by the receiver. In the petition which was filed by the receiver of the Associated Packing Company, after pleading the necessary preliminary facts as to the Associated Packing Company, its unpaid creditors, and each of appellees' unpaid stock subscriptions, he prayed as follows:

"Wherefore, your receiver asks an order of this court ascertaining and fixing the liability of the said subscribers to the capital stock for the payment of the indebtedness of the Associated Packing Company, heretofore established herein, *and making an assess-*

*ment upon the subscribers* to said capital stock of not less than seventeen per cent (17%) of the balance unpaid on their subscriptions, or for such other percentage as may be necessary in order to pay the said indebtedness, and that your receiver have judgment against each of the said subscribers for the amount of their assessment so fixed; that the court retain jurisdiction of this case and said subscribers for the purpose of making any *additional assessment* which may be required in order to pay said indebtedness; and that the court make such further or different order and decree as equity may require."

In response to said petition, each of the appellees moved to dismiss, set aside earlier orders allowing creditors' claims, to strike appellant's entire petition, for more specific statement, to divide and separate and number the separate causes of action, and then moved to transfer from equity to law, using the following language:

"And each of them separately move the Court to require the *causes* of action affecting them and each of them to be *transferred* to *the law docket* and to be tried separately as actions at law so that such moving defendant may have an opportunity to set up all of the defenses which each of said moving defendants have and which are entirely separate and independent from all defenses that any other defendant in said cause may have and which defenses of each moving defendant are entirely separate and distinct and different from the defenses of each other moving defendant."

And then moved for a change of place of trial to the proper county, using the following language:

"Motion for Change of Venue.
"Your said moving defendants and each of them separately show· the Court that none of them were residents of Polk County, Iowa, at the time of the commencement of this action, nor have they been since, as shown by the affidavits hereto attached, and they therefore each separately move the Court to transfer the cause of action relating to them respectively each to the county of his residence as shown by said affidavit, in keeping with the provisions of Code Section 11053, and each of these moving defendants ask that the Court order that said change be at the costs of the plaintiff, *and that the Court award the defendants each separately reasonable com-*

*pensation,* to-wit, the sum of *$50.00* each, for his trouble and expense in attending at the wrong county.

"In support of the above motion see affidavit of S. G. Van Auken hereto attached, marked Exhibit A and made a part hereof."

The district court of Polk county overruled said motion, whereupon the appellees applied to the Supreme Court of Iowa for a writ of certiorari, which was granted, and relief awarded in the case of Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261. After the opinion in the Kosman case, appellees filed further elaborate resistances to assessments in the Polk county district court, presented considerable evidence, and filed extensive arguments. The trial court entered an order of assessment of 50 per cent on all appellees' unpaid subscriptions. Appellees appealed from that order to the Supreme Court of Iowa, and that case was affirmed (Hynes v. Arbogast, 210 Iowa 754, 227 N. W. 627).

On March 15, 1932, the appellees filed an application headed, "Motion for hearing and order on applications of non-resident defendants for expense allowance on changes of venue," the prayer of which motion is as follows:

"Wherefore, these moving defendants pray that upon presentation hereof the court fix a time for hearing evidence as to the amount of such expenses and the value of the services which were required to secure adjudication of said right to separate trials and changes of venue, and that upon such hearing the court ascertain and determine the actual necessary disbursements by said moving defendants and their attorneys in securing said adjudication, and in addition thereto the reasonable value of all of said services, which they now say they believe will exceed the sum of $20,000.00. And these defendants further move the court for an order to be entered upon the presentation of this application directing its present receiver and the clerk of the Court to take no further steps by way of procuring transcripts and docketing causes against any of these moving defendants in the counties of their residence until the amount of the allowance for their said expenses and attorneys' fees shall have been determined and fixed by proper order of the court and paid by the receiver."

The appellant, the receiver for the Associated Packing Com-

pany, filed a resistance to the application of appellees for expense allowance. The following is the material part of said resistance:

"1. That said receiver denies each and every material allegation in said application contained.

"2. That the said defendants are not entitled, under the statutes of this state, to any allowance as attorney's fees for the reason that the same is not provided for by said statutes and that said application for a change of venue was not an independent motion for a change of venue and that no showing of any kind or nature was made on said motion which would entitle the applicants herein for an allowance of any expense as attorney fees or for expense in making said application.

"3. That said application contains no allegations or statements which would entitle the applicants to have allowed them any sum or sums whatsoever and said application is improper in form and is too indefinite and uncertain and presents no facts upon which an allowance could properly and legally be made."

On the 23d day of June, 1932, the matter came on for hearing and trial on said motions, applications, and resistance, and evidence was offered. The record shows that not a single appellee appeared personally in court, and all of the evidence offered by the appellees was by their attorneys. The court, after listening to the evidence and argument of counsel, gave judgment to the appellee B. Kosman in the sum of $150, and judgment for $15 to each of the other 336 appellees. The case is here on the receiver's (appellant's) appeal. The trial court certified that it is one in which an appeal should be allowed.

The question is whether such judgments can be sustained.

■ The first point which the appellant relies upon, it being admitted that none of the appellees personally attended at Polk county, is that the only question remaining was the question of attorney's fees and not that of expense or trouble for the appellees themselves. In a very early case this court decided this question. The case of Allen v. Van, 1 Iowa 568, was a case in which the record shows that the defendant appeared by attorney and did not appear in person, and the court awarded $20 expense, which could only have been for the appearance of the attorney, since the defendant did not appear in person. The Supreme Court said in that case (page 569):

"We hold that the statute contemplates that a defendant shall be compensated for his actual necessary trouble and expenses, in getting the venue set right, when sued in a wrong county, whether he attends in person, or by another."

 The next proposition raised by the appellant is, in view of the decision in the Kosman case, supra, that the action for assessment was properly brought in Polk county and all of the appellees were properly joined therein, the remedy was not a motion to transfer a part of the cause to some other county, but their remedy was to strike out that cause of action which was improperly brought in Polk county, to wit, as claimed by appellees, that part of the suit which sought to recover judgment upon the assessment when made. It is true that the appellees appeared and filed motion to the whole petition. This was necessary by reason of the fact that the appellant had joined improper issues and improper parties and they had to meet the cause as it was presented. The main reason, in fact, the only reason why they appeared in Polk county to resist this petition, was because a personal judgment was asked against each one of them. They were not necessary parties to the equitable action, asking for an assessment. The appellees' motion for transfer did not apply to the application for an assessment, but simply applied to the prayer for personal judgment. The appellant cites the case of First National Bank v. Shriver, reported in 152 Iowa 504, 132 N. W. 848. On page 507 of the opinion this court used the following language:

"A defendant thus sued must have some remedy, either by a dismissal of the causes of action improperly joined or by a removal of such causes to the court of his own county. Davis v. Kimball [74 Iowa 84, 36 N. W. 900], supra, is certainly authority for the proposition that the demands may not be severed, and some of the issues sent to the defendant's county for trial; otherwise it must there have been held that defendant was entitled to costs or compensation for being required to appear in the wrong jurisdiction."

This clearly recognizes the right of a defendant to compensation and expenses incurred in getting his venue set right as to causes which have been joined improperly with causes properly brought in another jurisdiction. The fact that he is compelled to appear and defend causes over which a court has jurisdiction does not preclude

him from obtaining his expenses in securing the transfer of causes improperly joined therewith. If this were not the law, the right to compensation could always be defeated by the simple expedient of joining with a cause over which the court has no jurisdiction some cause over which it does have jurisdiction.

The next proposition raised by the appellant is that there can be no allowance of attorneys' fees and expenses under the statute, unless the statutory procedure is exactly followed, and that in the case at bar the statutory procedure was not followed. And that this court in the Kosman case, notwithstanding the misjoinder of the causes of action, as claimed by the appellees, and notwithstanding their failure to have them stricken from the petition, held that the appellees would be allowed at the later stage of the proceedings, if an assessment was made, to have that part of the suit which sought to recover judgment on the assessment, when made, transferred to their respective counties. The language in the Kosman case granting this privilege is found on page 1264 of the opinion in 204 Iowa, 215 N. W. 261, and reads as follows:

"Ample reasons exist why trial should be at the individual residences, some of which are: no equitable relief is necessary; there is no community of interest; necessarily there will be different defenses, requiring unidentical witnesses, large expense for transportation and maintaining them away from home; and finally, the historical policy of granting trials at the defendants' residences. Additional itemization will add nothing. We are convinced that said statute is not overcome in this case by the urgency of avoiding a multiplicity of suits. Whatever the rule may be elsewhere, such legislative enactment must control unless overcome."

And finally, at page 1266 of the same opinion, this court said:

"If, and after said assessment is made, plaintiffs' motion should then be sustained (1) to separate said suits, and (2) to transfer (a) said actions to collect said assessment to said respective counties, and (b) from equity to law. And the writ in such contingency and to that extent is allowed, otherwise it is annulled."

The appellees' motion and claim for expenses for being compelled to attend court in the wrong county is based upon sections 11053 and 11054, contained in chapter 488 of the Code, pertaining to the place of bringing actions and change of the place of trial

when action is brought in the wrong county. Code, section 11053, is as follows:

"11053. Change when brought in wrong county. If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county."

The motion of the appellees is not based upon any provision of chapter 495, pertaining to change of venue, nor do the appellees claim any right under the court's general equitable powers. The appellees' motion is based upon sections 11053 and 11054 of the Code, and it is under these sections that the court had a right to allow to the appellees compensation for trouble and expense incurred in securing a change of venue.

The appellant contends that, in accordance with the decision in the Kosman case, unless and until an assessment was made, there was no cause for or right of transfer to another county, and the receiver, since the assessment was actually made, having been ready and willing to transfer the matter of the suit on the assessment to the respective counties of each appellee, there was no need to incur expense to secure such transfer after the right to transfer arose.

In the case of Farmers & Traders Bank v. Cohen, 71 Iowa 473, at page 475, 32 N. W. 461, this court said:

"It is manifest that the liability of Young & Parrish was solely upon the draft, and in no way dependent upon the question of Cohen's liability. The two causes of action were distinct. There was therefore an improper joinder, and Decatur county was, as to Cohen, as essentially the wrong county as if he had been sued alone. He had, then, a right to have the case sent to Polk county, and, after he had been put to the expense of filing a motion for that purpose, we think that he was entitled to an allowance for expenses. It was, of course, the plaintiff's right to dismiss as to him; but we do not think that the dismissal should affect Cohen's rights to an allowance for expenses. Such allowance, it appears to us, was in the nature of costs, and a defendant, though the action be dismissed as to him, is still in court for the determination of any question of costs. The

case, we think, must be reversed, and remanded for such order in respect to an allowance for expenses as would have been proper if the motion for a removal had been sustained."

It will thus be noted, from the case above cited, that in that case, where the defendant's motion for change of place of trial was overruled, after the plaintiff dismissed the cause without prejudice as to him, there never was in said cause an order changing said place of trial, but the court held that the defendant was entitled to his expenses, for appearing in the wrong county. In the case at bar, after the appellees have had the venue set right, which prevented the district court of Polk county from entering judgments against them, the burden of securing the transfer shifted to the appellant. Naturally the appellees are not interested in forcing the trial of these cases against themselves. Whatever is done in these cases, whether they are ever tried or not, the appellees are entitled to compensation for attending in the wrong county and having the venue set right. This they did. The decision in the Kosman case holds that they were entitled to the change in place of trial, and, having by their motion fixed the venue, they are entitled to compensation, under the statute, for the trouble and expense they have been put to.

The question is raised by the appellant, and also by the amicus curiæ, a friend of this court, who files a very able brief and who, by the way, is also a friend of the receiver, that the burden was upon each appellee in this case to show that he incurred expense by employing the attorneys who claimed their services secured a change of venue; and that there was not sufficient showing in the record that the attorneys who filed the motion really represented all of these appellees. It does seem to us that it is a little late to raise this question, for the distinguished and able members of the bar who represent the appellees in this action have represented the appellees for a matter of some years and have tried several actions, including several appeals to this court.

The question is also raised as to the amount which the lower court allowed. The amount which is to be allowed, for expenses incurred in attending court in the wrong county, is left to the sound discretion of the court, and the conclusion of the lower court will only be disturbed in case of the abuse of such discretion. Taking into consideration the amount of work done, the number of appellees they have represented, the standing at the bar of this state

of the lawyers who represented them, the fact that there were 337 separate clients, it seems to us that the lower court in the allowance of $150 in the Kosman case, which was the case which was appealed to this court, and the $15 to each one of the other appellees, represented a reasonable and fair amount.

And the judgment and decree of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.