## Canterman v. Coca-Cola Bottling Co.

*Charles G. Notari*, for plaintiff.
*D. H. McConnell*, for defendant.

MARSHALL, J., February 23, 1945.—This is an action of assumpsit to recover consequential damages by reason of a breach of an implied warranty of fitness. The case was tried before a jury, and the jury returned a verdict for defendant. Plaintiff filed a motion for a new trial based principally upon the ground that the court erred in permitting defendant to introduce the defense of "due care".

Plaintiff based his claim upon a breach of warranty. He alleged in his statement of claim that the Coca-Cola

Bottling Company of Pennsylvania, defendant, engaged in the manufacture and sale of a beverage called "Coca-Cola" for the sale of same to retail dealers and for resale by such retail dealers to customers for immediate consumption. He further alleged that on July 1, 1942, he purchased a bottle of Coca-Cola from Pitt's Confectionery, a dealer who had purchased the same for resale from defendant. Plaintiff relied on the representations and warranties that the said Coca-Cola was good, pure, wholesome, and free from foreign substances, and fit for human consumption, drank the same, and became seriously ill.

The testimony of plaintiff, corroborated by his doctor, followed the allegations of the statement of claim. When plaintiff rested his case, defendant made the following offer, to which the plaintiff objected:

"Mr. McConnell: Defendant, as part or all of its defense, offers in evidence testimony of an employe of defendant as to the nature, character, manner and care employed in the manufacture of Coca-Cola at its plant on Center Avenue, Pittsburgh, at which plant the Coca-Cola in issue was manufactured, for the purpose of showing not only the degree of care exercised but also that there was no negligence on the part of defendant.

"Mr. Notari: This is objected to as irrelevant and immaterial for the reason that this is not a negligence case, and, therefore, defense attempts to defend on the ground that there was no negligence and no absence of care. This is a defense to a negligence case but not in this case.

"The Court: I will overrule this objection and permit you to show how it is manufactured so the jury will have some light on it. Exception noted."

Defendant then introduced testimony showing due care in the preparation of Coca-Cola.

It is submitted that the defense of "due care" introduced by the defendant was irrelevant and immaterial, had no place in this case, and seriously prejudiced plaintiff's case.

The Sales Act of May 19, 1915, P. L. 543, sec. 15, provides as follows (69 PS §124) :

"First. Where a buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.

"Second. Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality."

In Bonenberger et al. v. Pittsburgh Mercantile Co., 345 Pa. 559, the court said, as follows (p. 561) :

"The seller's obligation in this suit is not based on negligence but upon warranty: 1 Williston on Sales, 2d ed., sec. 237. This action being on a warranty and not in trespass for negligence, the tort cases heretofore decided (inter alia, West v. Emanuel, 198 Pa. 180, 47 A. 965; Ebbert v. Philadelphia Elec. Co., 330 Pa. 257, 198 A. 323) are not controlling and are here of little if any aid. Plaintiffs' right to recover is dependent upon the construction to be given to the Sales Act as applied to the facts developed on trial."

In The American Tank Co. v. The Revert Oil Co. et al., 108 Kansas 690, we have an action for damages for breach of an implied warranty that the tank would be reasonably fit for the purpose for which it was sold. The court held the following (syllabus) :

"In an action for damages for breach of such a warranty, negligence of the manufacturer is not an issue, and it is no defense that the tank company used reasonable care in selecting material for the tank and in constructing it."

In Keyser v. O'Meara, 116 Conn. 579, the record shows that the only defense pleaded aside from general

denial was the good faith of the seller. The court held that "Where there is in fact a breach of warranty, a defense of good faith is immaterial."

We have not lightly brushed aside the authorities and the arguments advanced by plaintiff. We concede there is an implied warranty when the goods are furnished to a purchaser.

We believe, however, in all fairness, defendant should be permitted to meet the evidence offered by plaintiff and to show that even though there is an implied warranty that there was no breach thereof.

Defendant is helpless to meet a charge that goods he sold were defective or poisonous unless he is permitted to show how they were manufactured.

Even though plaintiff sues in assumpsit, his claim sounds in tort and it seems to this court only fair that defendant should be permitted to show what care he did use in the manufacture of his products.