NICKELSON v. NEGLEY & SHERWIN.

1. **Landlord's Lien**: ACTION AGAINST PURCHASER OF CROPS: LIMITA-
TION AS TO TIME. One who purchases from a tenant, and converts to
his own use, crops on which the landlord has a lien for rent, is liable to
the landlord in damages to the amount of his lien, but the action to·
recover such damages must be brought within six months after the
expiration of the term of the lease, that is, before the expiration of the·
lien, (See Code, § 2017,) or it will be too late. REED, J., *dissenting*.

*Appeal from Shelby Circuit Court.*

SATURDAY, MARCH 19.

THE facts are stated in the opinion.

*Smith & Culleson*, for appellant.

*Wright, Baldwin & Haldane*, for appellees.

SEEVERS, J.—The petition states that the plaintiff leased
certain premises to one Monroe, for one year from the first
day of March, 1884, and that said Monroe agreed to pay the
rent in April, 1884, and on January 1, 1885; that said
Monroe raised on the leased premises 1,000 bushels of
wheat, which he sold and delivered to the defendants in
August and September, 1884, which they converted to their
own use; that plaintiff had a landlord's lien on said wheat,
and in February, 1885, he commenced an action to enforce
his lien, and sued out a landlord's attachment, but the same
was not levied on said wheat for the reason that the same
could not be found. In March, 1885, he recovered a judg-
ment against Monroe for the amount due under the lease.
It is stated that defendants have sold said wheat, and the
same is not in their possession. The relief asked is that
plaintiff recover of the defendants to the extent or amount
of the judgment against Monroe. This action was com-
menced on the first day of October, 1885. The defendants
demurred to the petition on the ground that, at the time this

action was commenced, the plaintiff's lien had ceased to exist.

It is provided by statute that a landlord has a lien upon all crops grown on the demised premises during the term, and which are not exempt from execution, "but such lien shall not continue more than six months after the expiration of the term." Code, § 2017. The term ended on the first day of March, 1885, and this action was not commenced until more than six months thereafter, and therefore it is contended that the lien had ceased to exist, and that the plaintiff cannot recover. On the other hand, the plaintiff contends that, when the defendants purchased the wheat in August and September, 1884, his lien did exist, and the defendants purchased subject thereto, and must now account to the plaintiff, for the reason that they have converted to their own use property on which he had a valid lien. It seems to us the plaintiff's position cannot be sustained. The defendants did not become absolutely liable to the plaintiff when they purchased the wheat. It is true, they purchased subject to the lien, and became liable to the plaintiff if an action was commenced to enforce it within the time provided by statute. If no such action was commenced within that time, the lien cannot be enforced.

But it is urged that an action was commenced within that time. The defendants, however, were not parties to such action. As to them, it has no force and effect, and was not in fact commenced. But it is contended that the statute provides that "the lien may be effected by the commencement of an action within the period above prescribed, * * * in which action the landlord shall be entitled to a writ of attachment, * * *" Code, § 2018. Counsel for the appellant contend that, as the action was commenced against the tenant within the statutory period, the lien was "effected," for the reason that the statute so provides. The word "effected" certainly was not well chosen to express what clearly, it seems to us, must have

Nickelson v. Negley & Sherwin.

been the legislative thought. The meaning of the word as used in the statute, it seems to us, must be regarded the same as enforced; for it does not require an action to effectuate the lien. It exists for and during the statutory period, although no action is brought to enforce it. If, however, it is desired to enforce the lien, then an action is required. Now, this is precisely the object of this action,—that is, to enforce the lien; but, as it was not brought within the statutory period, the plaintiff cannot recover. The statute, in effect, is a limitation on the right of action. The demurrer was therefore correctly sustained.

AFFIRMED.

REED, J., (*dissenting.*)—The error of the majority, as I conceive, is in the assumption that the action is for the enforcement of the landlord's lien. The material fact alleged in the petition is that defendants received and converted to their own use the property on which plaintiff had a lien for the security of his rent. The action is for the recovery of the damages sustained by plaintiff in consequence of the conversion of the property, whereby his lien was defeated; and, upon the facts stated, I think he has a right of recovery. If defendants by force or stealth have taken possession of the property, and made such disposition of it as defeated plaintiff's lien, it would hardly be claimed that he could not recover for the injury. And I know of no statute or principle that would require him to bring his action within the time allowed for bringing an action for the enforcement of the lien. Yet, wherein is the present case different from that? The act complained of had precisely the same effect upon his rights. It defeated his lien. It was no less a wrong to him, and it as effectively destroyed his right as a conversion by force or stealth or fraud would have done. For this reason I respectfully dissent from the holding of the majority.