## C. A. CHURCH v. W. R. BLOOM, Appellant.

111  319
124  545
111  319
131   65

**Conversion by Tenant:** PLEADING. Under Code, section 2992, declaring that a landlord shall have a lien for rent on all crops grown on the leased premises for six months after the expiration of the term, a petition to recover for the conversion of oats raised by the tenant on the premises leased, and sold by him to defendant, alleging the making of the lease at an agreed and unpaid rent, the raising of the oats during the term, and showing suit brought within six months after the rent accrued, was not demurrable for failure to allege that the landlord's claim had been adjudicated and his lien established.

ESTOPPEL. In action for conversion of oats on which plaintiff had a landlord's lien for unpaid rent, evidence that the tenant had sold defendant grain in previous years, while he had held the land under similar leases, was insufficient to estop plaintiff from asserting his lien on the oats, where defendant, where purchasing the grain previously sold, had no knowledge where it had been raised or that it had been grown on leased land, and it appeared that the landlord had not relied on the tenant's personal responsibility

EVIDENCE. Where land was leased by separate and independent leases for each of several years, evidence that the tenant had sold live stock raised on the land, prior to the year for which suit was brought to enforce the landlord's lien for unpaid rent, was inadmissible, since such live stock was covered by a different lien from that relied on.

ORDER OF PROOF. In an action by a landlord for the conversion of oats raised on the leased premises, against which the landlord had a lien for unpaid rent, and sold by the tenant to defendant, the rejection of the defendant's offer to prove that the tenant had sold hogs raised on the premises during the lease term was proper, in the absence of an offer to show that plaintiff had notice of such sale.

HARMLESS REJECTION. The erroneous rejection of evidence was harmless, where the facts sought to be proved were otherwise fully shown during the trial.

*Appeal from Hancock District Court.*—HON. J. C. SHER-WIN, Judge.

THURSDAY, MAY 10, 1900.

ACTION at law for the conversion of personal property.
Trial to a jury. Directed verdict for plaintiff, and defend-
ant appeals.—*Affirmed.*

*J. E. Wichman* and *F. E. Blackstone* for appellant.

*Ripley & Kelly* for appellee.

DEEMER, J.—The property in controversy is a quantity
of oats purchased by defendant from one Munson, who was
a tenant of plaintiff, occupying the land on which the oats
were raised. It is conceded that Munson was a tenant of
plaintiff during the year 1896, and that he raised the oats
in controversy on the leased premises; that no part of the
rent reserved had been paid at the time this action was
commenced; and that defendant purchased oats to the value
of two hundred and five dollars and fifty cents.

The ruling of the trial court on a demurrer to the peti-
tion is made the basis of the first assignment of error. This
demurrer was on the ground that plaintiff was not
entitled to recover because the petition did not show
that his claim for rent had been adjudicated and
his lien established. The petition alleged the making of
the lease; the agreed rental; that the same had not been
paid; that oats were raised during the term of the lease;
and it appears that the action was brought within six months
from the time the rent accrued. Under such a state of facts,
the statute gives plaintiff a lien. Code, section 2992. And
it is elementary that one having a lien on property may sue
for its conversion. *Holden v. Cox,* 60 Iowa, 449; *Blake
v. Chas. Counselman & Co.,* 95 Iowa, 219; *Nickelson v.
Negley,* 71 Iowa, 546.

II. Defendant pleaded that plaintiff, with knowledge
of the fact that his tenant was disposing of property raised

or kept on the demised premises, made no objections thereto, but permitted him to do so, and relied on the personal responsibility of the tenant; and by reason thereof has waived his lien, and is estopped from asserting the same. It appears from the evidence that plaintiff leased the land to Munson during the years 1893, 1894, 1895, and 1896, but there was a separate and independent lease for each year. Defendant offered to show that Munson sold hogs raised on the place in the year 1896, and that he also sold hogs, cattle and other live stock raised during previous years. Objection to this line of evidence was sustained. He was permitted to show the sale of crops grown during each and all of these years, but there was no direct evidence that plaintiff had notice or knowledge thereof. The objections to the questions propounded to elicit the fact of the sale of live stock were properly sustained, for two reasons: *First,* because this property was covered by a different lien from that relied on in this case; and, *second,* there was no evidence offered, nor did defendant propose to show, that plaintiff had notice thereof. Under the rule announced in *Blake v. Chas. Counselman & Co. supra,* such evidence was inadmissible.

III. Rulings on the rejection of evidence offered by defendant through the plaintiff, Church, are complained of. As the facts defendant proposed to prove by the questions propounded were fully elicited, no prejudice resulted.

IV. While there is evidence to show that the tenant sold grain during the years 1893, 1894, and 1895 to defendant and various other parties, and that plaintiff made no objection to such sales, either to the tenant or to the purchasers, yet there is no showing that plaintiff relied in any manner on the tenant's personal responsibility, as in *Wright v. E. M. Dickey Co.,* 83 Iowa, 464. In fact, the undisputed evidence is to the contrary.

Morcover, defendant, when he purchased grain raised by the tenant during the previous years, had no knowledge as to where it was raised, or that it was grown on leased land. Without such knowledge, there is no basis for his plea of estoppel. As there were separate and independent leases, what was done under one lease would not of itself be of controlling importance as to another. There is no evidence of any sales from the crop of 1896 previous to that made to defendant. On this state of the record, the trial court was right in directing a verdict for plaintiff. *Meyer v. Houck,* 85 Iowa, 319. The case is ruled by *Blake v. Chas. Counsel-man & Co., supra,* and other like cases. The judgment is AFFIRMED.

SHERWIN, J., taking no part.