JOHN H. BOYD, Appellant, v. STIPP & HARLAN ET AL., and three other cases.

**Landlord and tenant:** ENFORCEMENT OF LIEN : LIMITATIONS : RECOVERY FROM PURCHASER OF CROPS. Recovery by a landlord against the purchaser of crops grown on the leased premises is a method of enforcing the landlord's lien, and is dependent upon the lien, the

measure of recovery being the value of the incumbrance and not necessarily the value of the property; and the action therefor must be brought within the time limited by the statute creating the lien.

*Appeal from Marshall District Court.*—HON. C. B. BRAD-SHAW, Judge.

TUESDAY, MAY 9, 1911.

ACTION by the plaintiff, as landlord, to enforce a landlord's lien, and to recover of the defendants the value of grain raised upon the leased premises and appropriated by the defendants through purchase from plaintiff's tenant. The defendants demurred to the petition, and such demurrer was sustained. The plaintiff electing to stand upon his pleading, the trial court entered judgment dismissing the action, and the plaintiff has appealed. *Affirmed.*

*C. H. Van Law,* for appellant.

*Boardman & Lawrence* and *Bradford & Johnson,* for appellees.

EVANS, J.—It appears from the petition that the plaintiff leased his land to one Grove for a term beginning January 5, 1907, and ending March 1, 1908. The rent was made payable February 1, 1908. It appears also therefrom that the rent is unpaid; and that some time prior to March 1, 1908, the tenant sold to the defendants, who were dealers in grain, several hundred bushels of oats, and the same were received by the defendants and disposed of by them. This action was begun May 25, 1909. The ground of the demurrer was that the action was barred because it was not brought within one year after the rent was due nor within six months after the expiration of the term of lease.

Section 2992 provides as follows: "A landlord shall have a lien for his rent upon all crops upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term, and not exempt from execution, for the period of one year after a year's rent falls due, but such lien shall not in any case continue more than six months after the expiration of the term." Section 2993 provides that such lien may be enforced "by the commencement of an action within the period above prescribed." It was held in *Nickelson v. Negley,* 71 Iowa, 546, that the period of limitation above prescribed was applicable to an action for damages against third parties for the appropriation of grain which was subject to the landlord's lien. The case at bar is ruled at all points by the cited case. Counsel for appellant does not contend otherwise but insists that the *Nickelson* case should be overruled.

His contention is that his action is one for damages for conversion of property, and that he had made demand upon defendants prior to March 1, 1908, and while his lien was in effect. He insists, therefore, that he is entitled to the same period of limitation as obtains in any other action for conversion. There is something to be said for this view. It was well put by the able dissenting opinion of Mr. Justice Reed in the *Nickelson case.* We are satisfied, however, that we ought not to overrule that case. Under our previous holdings, a purchaser from a tenant in such a case is deemed to take the property subject to the lien. The landlord is not deemed to have lost his lien because of the wrongful sale. He may pursue the property in his proper action notwithstanding the sale. After the purchaser has appropriated the property, he may recover damages for such appropriation. The measure of his recovery, however, is not necessarily the value of the property, but the value of the incumbrance. *Beck v. Minn. & Western Grocery Co.,* 131 Iowa, 62.

The right of action in favor of the landlord against the purchaser from the tenant is deemed a method of enforcement of the landlord's lien. The existence of the lien is essential to such action in the first instance. The theory of the *Nickelson* case is therefore that when the lien ceases, by the operation of the statute, all right of action based thereon necessarily ceases also. There is much force of reason in this conclusion. Such a rule is manifestly salutary in its general operation, and we are satisfied with it. The demurrer was properly sustained and such will be the order in each case.

The judgment below is accordingly *affirmed*.