RALSTON SAVINGS BANK, Appellee, v. C. U. FISHER, Appellant.

**Landlord and tenant:** SURRENDER OF LEASE: ACTION FOR RENT: TIMELINESS. A tenant sold part of the property which was subject to the landlord's lien for rent to defendant, and afterwards plaintiff took an assignment of the lease and of the landlord's claim for damages against the defendant for the property sold. After the sale to defendant the tenant absconded leaving his wife in possession, and the landlord then procured the wife's signature to the lease and a surrender of the premises from her without the husband's consent. Within six months from the time of expiration of the lease, as provided by the terms of the written instrument, but more than six months after the wife surrendered the premises, the plaintiff brought an action against defendant for damages for the wrongful purchase of the property and defendant set up the fact that the wife's surrender terminated the lease and the action was not timely. *Held,* that as between the parties to this suit the wife's signature to the lease was immaterial: that the surrender by her without the husband's consent did not cancel the lease: that the action was

timely as it was brought within six months after the expiration of the lease as provided by the written terms thereof; that section 2993 of the Code, which provides that by commencing the action within the prescribed time the landlord is entitled to an attachment upon the filing of the petition, does not conflict with Section 3514, which provides that an action is begun by the service of the notice.

**Same:** INSTRUCTIONS.  Where it appeared in an action by the assignee of a lease against defendant, who was the purchaser of property which was subject to a landlord's lien for rent, that the assignee also held a chattel mortgage lien on some of the property subject to the landlord's lien, an instruction that the plaintiff might first exhaust the mortgaged property in payment of the mortgage debt, and if the remainder of the property left by the tenant was insufficient to satisfy the demand for the rent an action would lie against the defendant for the remainder, to the extent of the value of the property which he obtained from the tenant, even if erroneous, was without prejudice; as the record shows that the jury returned a special finding that all the property taken by the landlord or seized under the writ was insufficient to pay the rent.

*Appeal from Carroll District Court.*—HON F. M. POWERS, Judge.

TUESDAY, MAY 12, 1914.

ACTION at law.  The nature of the proceedings and the material facts are stated in the opinion.  There was a judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Brown McCrary,* and *John W. Jacobs,* for appellant.

*Lee & Robb,* for appellee.

WEAVER, J.—One Obye, owning a farm, leased it to William Mosher for the year from March 1, 1910, to March 1, 1911, for a stipulated cash rental, to be paid in installments October 1, 1910, and March 1, 1911.  Of the property raised, used, or kept on said farm during the term of the lease, and subject to the landlord's lien for rent, the tenant sold a part to the defendant in this case without the landlord's consent.

Thereafter the plaintiff bank, having some lien or claim on part of the tenant's property, subject, however, to the landlord's lien, took an assignment of the lease, and .of Obye's claim against the defendant for damages on account of his purchase of a portion of the property as above stated. To recover such alleged damages this action was begun, and upon trial there was a judgment for plaintiff for $75. The defenses urged by defendant and the points relied upon for reversal of the judgment below will appear in our discussion of the exceptions pressed upon our attention in the briefs of counsel.

I. It appears that after the sale of part of the property to the defendant the tenant absconded, leaving his wife in possession. The landlord, Obye, made some sort of an arrangement with her by which she surrendered possession and waived her rights to certain exemptions. For some reason the wife then for the first' time attached her name to the written lease. It is argued that this transaction operated to end the term of the lease as of that date, about February 1, 1911,' and that, this action not having been begun within six months thereafter, the lien is not enforceable. We' are unable to discover upon what theory the lease can be said to have terminated before March 1, 1911, as therein provided. The wife had no authority to bind her husband by such an agreement, nor do we find any evidence that she attempted so to do. Had the husband returned the next day and insisted upon remaining in possession until the last day of his term, there was nothing whatever in the act of his wife which would bar him of that right. Nor is there real merit in the further suggestion that the act of the wife in attaching her name to the lease rendered that contract void. It is very possible that if Mosher himself were appearing to this action and contesting plaintiff's claim, he might be heard to plead and prove, if he could, the spoliation or material alteration of the lease without his consent, but, unless he complains, no other person can avail himself of such alteration as a defense for his own

1. LANDLORD AND TENANT: surrender of lease: action for rent: timeliness.

wrongful or unauthorized act.    The limitation prescribed by
the statute for actions to enforce a landlord's lien is "six
months after the expiration of the term."    Code, section 2992.
The lease fixes the expiration of the term in this case as of
March 1, 1911.    The action was begun by service of original
notice upon the defendant August 26, 1911, safely within the
six months, unless we are required to sustain appellant's
further objection that, to "commence" the action within the
meaning of the statute, the petition must also be filed within
the period.    If we catch the thought of counsel, it is that Code,
section 2993, which provides for effecting the lien "by the
commencement of an action, within the period above pre-
scribed,  .  .  .  in which action the landlord will be entitled
to a writ of attachment, upon filing with the clerk or justice a
verified petition," etc., necessarily implies the filing of such pe-
tition within the six months, and as the petition in this case was
not filed until after September 1, 1911, the lien ceased to exist
and the subsequent filing did not revive it.    This contention
would be plausible if the statute itself (Code section 3514) did
not specifically provide that an action in a court of record is
commenced "by serving the defendant with a notice."    It would
seem to be the purpose of sections 2992 and 2993 to prevent
the loss of the lien in all cases where the action is begun—
that is, where the notice is served, within six months—though
an attachment cannot issue until a petition is filed.    If so it
follows that where the action is begun within the six-month
period, an attachment may issue therein after the six months
have expired, upon filing the proper petition.    Again it may
be said that while an action by a landlord to recover damages
from one who purchases property from the tenant and converts
it to his own use is in the nature of a proceeding to enforce the
lien, and must therefore be brought within the six-month pe-
riod (*Boyd v. Stipp*, 151 Iowa, 277), yet there would seem to be
no occasion in such case to go through the idle form of issuing a
writ to be levied upon property which is no longer within
reach of process.    The gist of the plaintiff's demand is not

the discovery or production of property on which he may levy, but for damages for so interfering with the property that an issuance of the writ is made ineffectual.

II. The plaintiff held a chattel mortgage lien on some of the property, subject to the landlord's lien. The court told the jury, in substance, that under such circumstances plaintiff

2. SAME: instruction. might lawfully first exhaust the mortgaged property in payment of the mortgage debt, and if the remnant of the property left by the tenant was insufficient to satisfy the demand for rent, an action would lie against defendant for the remainder to the extent of the value of the property which he obtained from the tenant. Even if this was error, it was without prejudice, because the record shows that the jury returned a special finding to the effect that giving the tenant credit for all the property taken by the landlord, or seized under the writ there, was insufficient to pay the rent. The verdict of $75, therefore, represents a balance of rent due after applying upon the lease the entire proceeds of the obtainable property which was subject to the landlord's lien. It is clear then that, defendant having received and appropriated the property of the tenant to a value in excess of the sum found by the jury, its verdict is fully supported by the record.

III. We find it impossible to discuss at length, within the reasonable limits of a written opinion, all the several points and propositions submitted on behalf of the appellant. They are very numerous, and each is argued with much force, learning, and ability, but we are inclined to the view that the real meat of the controversy is involved in the matters which we have already considered in the foregoing paragraphs. We have read the briefs with interest, and carefully examined the record with reference to the alleged errors there appearing, and find nothing requiring a reversal or new trial. The case was fairly tried, and the amount in dispute is too trivial to justify the court in prolonging the litigation, except for a palpable and plainly prejudicial error.

The judgment of the district court must be affirmed, and costs of this court ordered taxed against the appellant, except costs of printing amended abstract, one-half of which will be taxed to appellee.—*Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concurring.