THOMAS O'DONELL, Administrator, Appellee, v. J. B. DAVIS, Appellee; WATLAND LUMBER COMPANY, Intervener, Appellant.

**LANDLORD AND TENANT:** Rent—Action—Insufficient "Commencement" of Action. In landlord attachment, the filing of a petition only, and the issuance of the writ *prior* to the expiration of six months after the termination of the lease, and the levying of the writ *after* the expiration of said six months, do not constitute the "commencement" of an action in such sense as will preserve the lien against a general creditor who levies after the expiration of said six months.

**APPEAL AND ERROR:** Abstracts of Record—Conclusiveness. Needless to say that a party on appeal must stand on an agreed abstract.

**LANDLORD AND TENANT:** Rent—Loss of Lien. The levy of a landlord's writ of attachment after the lien has expired effects nothing.

**LANDLORD AND TENANT:** Lien—Enlargement Against Third Party. A tenant may not, against a third party, enlarge the landlord's lien provided by statute.

Headnote 1: 36 C. J. p. 525. Headnote 2: 4 C. J. p. 378. Headnote 3: 36 C. J. p. 525. Headnote 4: 36 C. J. p. 533 (Anno.)

*Appeal from Jasper District Court.*—CHARLES A. DEWEY, Judge.

OCTOBER 20, 1925.

REHEARING DENIED JANUARY 22, 1926.

ACTION for the collection of rent on real estate, aided by

landlord's attachment. The intervening judgment creditor levied on the proceeds of the property in the hands of the court, under general execution. The court held that the right of the plaintiff was superior to that of the intervener, and judgment was entered accordingly, from which judgment this appeal is taken.—*Reversed.*

*Campbell & Campbell,* for appellant.

*Cross & Hamill,* for plaintiff, appellee.

ALBERT, J.—I. An action was commenced by plaintiff herein for the balance due under a farm lease for a period ending March 1, 1923, defendant J. B. Davis being lessee, and plaintiff's decedent the lessor. This proceeding was aided by a landlord's attachment without bond. A verified petition was filed on the 31st day of August, 1923, and on the same day a writ of attachment was issued and placed in the hands of the sheriff. No original notice in the action was made or placed in the hands of the sheriff with the intent to have the same served. The sheriff did nothing under this writ of attachment until the third day of September, 1923, when he levied on certain of the tenant's property, sold the same, and paid the proceeds into the hands of the clerk of the district court of Jasper County. After this was done, the intervener herein, the Watland Lumber Company, having previously obtained a judgment against the tenant Davis, ordered a general execution on this judgment, and garnisheed said clerk of the court, seeking to hold the funds paid into the said clerk's hands by the sheriff, as above noted.

1. LANDLORD AND TENANT: rent: action: insufficient "commencement" of action.

Appellant, in the petition of intervention, claims that its rights are superior to those of plaintiff herein, because the action of the plaintiff was not commenced within six months after the expiration of the term of said lease; that said alleged judgment is invalid because no service of notice of the action was had on the defendant, and the defendant entered no appearance.

Thereafter, on the 14th day of June, 1924, the principal defendant, J. B. Davis, filed what is designated as an appearance and answer to the original petition of the plaintiff herein. He admits the allegations of the petition, admits the indebted-

ness due the plaintiff herein, being the sum of $1,000 and interest, and further states:

"And a writ of attachment having been issued and levied in this action, and the same having been executed, and there being now in the possession of the clerk of said court the sum of $1,128.36 as the proceeds of the levy of such writ, the defendant hereby consents that judgment may be entered against him in favor of the plaintiff or his successor, as administrator of the estate of John Kilday, deceased, for the amount due, as alleged in said petition. Thereafter the said Merrill Gilmore, administrator *de bonis non* of the estate of John Kilday, deceased, was by order of said court substituted as plaintiff in the place of said Thomas O'Donell, administrator of said estate."

The trial was between the substituted plaintiff and the intervener, in which, in substance, it was agreed that the facts heretofore recited were the facts in the case.

The district court in its findings states that the parties, on submission of the case, limit their discussion to the question of whether plaintiff's action was commenced by the filing of the petition and the placing of the writ of attachment in the hands of the sheriff for immediate service. In this court several other questions are discussed, and in fact the lower court seems to have turned its decision largely on questions other than those urged before it in the trial. We will devote our attention, therefore, first, to the question of whether or not plaintiff commenced his action within the statutory time.

Section 10261 of the Code of 1924 provides for a landlord's lien on the growing crops and any other personal property of the tenant's used or kept on the leased premises during the term, which is not exempt from execution. Section 10262 provides:

"Such lien shall continue for the period of one year after a year's rent, or the rent of a shorter period, falls due. But in no case shall such lien continue more than six months after the expiration of the term."

Section 10264 provides:

"The lien may be enforced by the commencement of an action, within the period above prescribed, for the rent alone,

in which action the landlord shall be entitled to a writ of attachment, upon filing with the clerk * * * a verified petition, stating that the action is commenced to recover rent accrued within one year previous thereto upon premises described in the petition; and the procedure thereunder shall be the same, as nearly as may be, as in other cases of attachment, except no bond shall be required.''

It will be noted from the facts heretofore given that the term under the lease expired on the first of March, 1923, and it is conceded by all parties concerned that the limitation of six months expired at midnight on August 31st following. The plaintiff in the action filed his verified petition on that date, asking recovery from the defendant of the unpaid rent, and for a writ of attachment. Upon the filing of the same, the writ was issued and placed in the hands of the sheriff for service. Nothing more was done thereunder until the third of September following, when the attachment was served by the plaintiff on the defendant Davis. We are, therefore, met squarely with the question of whether or not this was a commencement of the action, within the meaning of the aforesaid Section 10264. Many authorities are cited on this proposition, both within and without this state. Largely, they are of the nature of cases where the question was the commencement of an action with reference to the general statute of limitations. Very few of them are of use to us in the consideration of this question.

An analysis of the aforesaid Section 10264 leads to the conclusion that the purpose of this section is to provide a method for the landlord to realize the benefits of the lien provided for in the previous sections. Having limited the lien to six months after the expiration of the term, it requires that he shall commence an action within that period, in order to reap the benefits given him by his lien. It further provides that, if he so elects, he may aid that action by a writ of attachment, but it is not obligatory on him so to do. We are not interested in the question of what the effect of the filing of the petition, the issuance of the writ, and the distraint of the property have on this question, because the writ was not served during the six months' limitation. Hence many of the cases cited, wherein the attachment was levied and the property distrained, are not applicable

to the present situation, because we have a narrower question. In the case of *Ralston Sav. Bank v. Fisher*, 165 Iowa 680, we considered a case wherein the original notice was served within the six months, but the proper petition was not filed, nor was attachment issued until after the six months' limitation had expired. We there held that the action was commenced, within the meaning of the statute under consideration, and that the attachment, although issued after the expiration of the six months' period, was valid, the idea in the case being that the loss of the lien was prevented by the service of the original notice within the statutory period. Whether or not the issuance and levy of the attachment within the statutory time would prevent the loss of the lien, is not the question before us. It is to be noted, in the consideration of this question, that we are dealing here purely with a statutory lien, and not a contractual lien.

As above suggested, this statute provides for the means of enforcing the lien, and gives the landlord his option to attach if he so elects. We are, therefore, of the opinion that the determination of when an action is commenced, is governed by the general law governing the commencement of actions. Section 11055 provides that:

"Action in a court of record shall be commenced by serving the defendant with a notice, signed by the plaintiff or his attorney * * *."

Section 11012 reads:

"The delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action."

This section appears in Chapter 487, being a chapter dealing with limitations of actions.

Under these sections of the Code, the question before us seems undebatable.

It is our holding that the plaintiff was not entitled to the benefits of the landlord's lien in this action, because he had not preserved it by issuing an original notice and putting the same

in the hands of the sheriff for service before the expiration of the six months' limitation.

The lower court held, in addition, that, because of certain provisions in the lease, a lien was created thereby, which was available to the plaintiff herein. The simple answer to this is that no such lease was introduced in evidence in the case. The parties are bound by their stipulation of facts, and no reference whatever is made therein to the lease. Of course, since there was no bond put up by the landlord herein, he was not entitled to the benefits of a general attachment, and no general attachment was issued herein.

2. APPEAL AND ERROR: abstracts of record: conclusiveness.

Having found that the landlord's lien expired on this property before the levy was made, we are of the opinion that the subsequent levy on said property by a landlord's attachment did not keep alive the lien that previously existed; that the attachment bottomed on said lien must wholly fail for want of support; and that the plaintiff acquired no right in the property attached (or the proceeds thereof) by reason of said attachment.

3. LANDLORD AND TENANT: rent: loss of lien.

II. Appellees urge, and the lower court held, that the intervener herein could not raise the question of the lapse of the lien, as the right so to do rested solely with the principal defendant, Davis. The logic of this question is wholly against the appellees. It may be true that in contractual liens the person against whom the lien is claimed would have only the right to plead an expiration of the limitation. In other words, they would have the right to waive the statute of limitations, and are held to have waived it by failing to assert it at the proper time; but, as heretofore suggested, this is a lien brought into existence by a certain law, and by the same law the lien was terminated at a given time. The duration of this lien being fixed by statute, we are of the opinion that it does not lie with the defendant Davis to enlarge said lien by any act on his part, or by his failure to plead the same or claim the benefit thereof.

4. LANDLORD AND TENANT: lien: enlargement against third party.

It is our conclusion, therefore, that the intervener has the superior right to the funds in the hands of the clerk of the dis-

trict court, as against the claim of the plaintiff herein. The action of the district court is not approved.—*Reversed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.