MILDRED CALE, appellee, v. GREAT WESTERN SUPPLY COMPANY, INC., and ALAN BLUMER, appellants.

No. 50998.

(Reported in 122 N.W.2d 455)

JUNE 11, 1963.

Berger & Shaw, of Davenport, for appellants.

McManus & McManus, of Keokuk, for appellee.

STUART, J.—Plaintiff filed an action in the District Court of Lee County, Iowa, seeking damages for personal injuries alleged to have been sustained in an altercation between plaintiff and defendant Blumer while he was acting as agent for the other defendant, Great Western Supply Company, Inc. Motions for change of venue were filed on behalf of both defendants claiming proper venue was in the District Court of Scott County, Iowa. The trial court sustained the motions and allowed defendants' attorney a fee of $50. We granted defendants permission to pursue an interlocutory appeal from that portion of the court's order fixing the attorney fee at $50.

■ The record on appeal contains only plaintiff's petition, the motions for change of venue, plaintiff's resistance and the order of court sustaining the motions. No evidence was offered to prove the services rendered by counsel or their value or the amount of the expenses incurred. Defendants in their brief and argument set out portions of the minimum fee schedule in Scott County, Iowa, and the itemized statement of their counsel for services rendered. As these matters are not part of the record we cannot consider them. We must accept the record as made by counsel. Powell v. Spaulding, 3 (G. Greene) Iowa 417; O'Donell v. Davis, 201 Iowa 214, 205 N.W. 347; Enslow v. Miner, 228 Iowa 1117, 293 N.W. 516. The only concession in appellee's brief and argument which is helpful to appellants is the statement that counsel for appellants came to Keokuk and argued the motion orally.

We consider only that A. Fred Berger, a practicing attorney in Davenport, Scott County, prepared and filed a motion for change of venue for each of two defendants. This must necessarily have involved a conference and some research. He also went to Keokuk and orally argued the motions. This trip necessarily involved the greater portion of a day, irrespective of the time actually spent in the courtroom.

■■ While we recognize the amount of fees to be allowed an attorney for securing a change of venue is left to the sound

discretion of the trial court, State ex rel. Havner, Atty. Gen. v. Associated Packing Co., 217 Iowa 1172, 1180, 250 N.W. 876, we believe the allowance of only $50 under these circumstances was an abuse of this discretion. We therefore fix the attorney fees at $150. Costs of this appeal shall be charged to plaintiff-appellee. In all other respects the order of court entered the 11th day of December, 1962, shall stand as filed. The case is remanded for further proceedings in accordance with the order as herein modified.—Modified, affirmed and remanded.

All JUSTICES concur.