Juliana F. KLIEGE, Appellant,

v.

IOWA EMPLOYMENT SECURITY COMMISSION and Trey's Department Store, Inc., Appellees.

No. 55247.

Supreme Court of Iowa.

March 28, 1973.

Canning, Correll & Sheerer, Waterloo, for appellant.

Walter F. Maley and Lorene M. Boylan, Des Moines, and Mote, Wilson & Welp, Marshalltown, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS, and McCORMICK, JJ.

MASON, Justice.

In this action claimant, Juliana F. Kliege, sought a judicial review in the Butler district court of a decision of the Iowa Employment Security Commission (IESC) which was adverse to her. The court subsequently sustained a special appearance filed by claimant's employer, Trey's Department Store, Inc., and the IESC for lack of jurisdiction. Claimant now appeals from that ruling.

Appellant's employment with appellee-Trey's Department Store was terminated October 9, 1970, apparently by her own volition. April 19, 1971, after all administrative remedies had been exhausted and a decision had been reached by the IESC, the following notice of decision of the commission was mailed to appellant:

"Notice of DECISION OF COMMISSION

Date of Appeal to Commission 1–19–71

Social Security Number 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

This decision becomes final 10 days after the date entered below.

Dated and Mailed April 19, 1971

You may petition the district court for review of this decision after (but not on or before) April 29, 1971

And No Later Than May 9, 1971

If you have any question regarding this decision, you may consult the unemployment insurance claims manager in your local unemployment insurance area claims office or the Iowa Employment Security Commission legal department in Des Moines.

Copies mailed to appellant and respondent."

May 10, 1971, appellant filed a petition with the district court seeking judicial review of the commission's decision denying her an award of unemployment compensation. Inasmuch as May 9, the tenth day after the commission's decision became final, was a Sunday appellant's petition was timely. Section 4.1(23), The Code.

May 11, appellant allegedly mailed a notice and copy of her petition to the Polk County sheriff for service on the IESC. These papers, however, were never received by the sheriff, and duplicate ones were mailed to the sheriff and received May 28. The papers were served on an office of IESC June 1.

Thereafter, appellees separately appeared specially challenging jurisdiction on the ground appellant "failed to follow the statutory appeal procedure by filing a petition and serving the defendants with a copy thereof on or before the 9th day of May, 1971."

Appellant filed her resistance and July 26, the district court sustained the special appearance after hearing.

Appellant assigns the following errors as grounds for reversal: (1) The notice of decision of commission was fatally defective because it supplied the claimant misleading directions concerning the manner of perfecting an appeal; and (2) Section 96.6(9), The Code, 1971, is unconstitutional because it denies claimants of their property without due process of law by arbitrarily and unreasonably prescribing a period of ten days in which to perfect an appeal.

I. In this proceeding our appellate jurisdiction is not de novo but is confined to correction of errors assigned. Rule 334, Rules of Civil Procedure. Errors neither assigned nor argued on appeal present no questions for review. Claude v. Weaver Construction Co., 261 Iowa 1225, 1228, 158 N.W.2d 139, 142. Furthermore, facts not properly presented to the court during the course of trial and not made a part of the record presented in this court as well as assigned errors based on such extraneous matter will not be considered by this court on review. Ferguson v. Pilling, 231 Iowa 530, 533, 1 N.W.2d 662, 663; Cale v. Great Western Supply Co., 255 Iowa 237, 238, 122 N.W.2d 455; In Re Brown, 183 N.W.2d 731, 733 (Iowa 1971).

II. The singular question argued by appellant in division I of her brief is "the issue of alleged faulty notice to the claimant in an unemployment matter." She attacks the notice of decision of commission set out, supra, as being "extremely misleading to the claimant," especially the language "you may petition the District Court for review of this decision after (but not on or before) April 29, 1971, and no later than May 9, 1971." Appellant contends this portion of the notice is deceptive if she must both file her petition with the district court and serve a copy of the petition on the IESC within ten days after the commission's decision becomes final. She claims, in effect, a valid notice must inform the claimant of the statutory procedural requirements for judicial review of the commission's decision.

Appellees assert the notice of decision of commission mailed to appellant conforms with the statutory requirements and the commission's own rules. They further allege appellant failed to make a record of any evidence that would support her contention she was misguided by the notice. It would appear, however, allegations of fact concerning the deceptive character of the notice were made by appellant in her resistance to the special appearance and at the hearing.

As stated, appellant contends "if the Commission expects, that in order to perfect an appeal, the claimant must file a petition and have completed service of said petition all within ten days of finality of the Commission's decision, then the language used in its NOTICE OF DECISION OF COMMISSION is extremely misleading to the claimant."

In this connection we examine section 96.6(9) which prescribes the procedure which must be followed to secure judicial review of the IESC's decision by the district court. The following is the pertinent part of this statute:

"Court review. Within ten days after the decision of the commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the district court of the county in which the claimant was last employed or resides, provided that if the claimant does not reside in the state of Iowa the action shall be brought in the district court of Polk county, Iowa, against the commission for the review of its decision, in which action any other party to the proceeding before the commission shall be made a defendant. In such action, a petition which need not be verified, but which shall state the grounds upon which a review is sought, shall be served on a member of the commission or upon such person as the commission may designate and such service shall be deemed completed service on all parties, but there shall be left with the party so served as many copies of the petition as there are defendants and the commission shall forthwith mail one such copy to each such defendant. The commission shall within sixty days after notice of appeal has been served on the commission certify and file with said district court all documents and papers and a transcript of all testimony

taken in the matter, together with its findings of fact and decision therein, or so much thereof as may be agreed upon by the parties to such appeal. * * *."

We construe this statute as specifically requiring that where an aggrieved party seeks to secure judicial review in the district court of an IESC's decision such party must within ten days after the decision of the commission becomes final (1) file in the court to which the appeal is taken a petition stating the grounds upon which review is sought and (2) serve a copy thereof on a member of the commission or upon such person as the commission may designate.

■ Compliance with the provisions of section 96.6(9) as thus construed is mandatory to give the district court jurisdiction for reviewing the commission's action. Teepe v. Review Board of Indiana Emp. Sec. Div., 136 Ind.App. 331, 200 N.E.2d 538; 2 Am.Jur.2d, Administrative Law, section 716; 81 C.J.S. Social Security and Public Welfare § 229.

Appellant does not seriously contend otherwise since the notice and petition were not mailed by her to the Polk county sheriff until May 11, 1971, but argues language in the notice of decision of the commission failed to furnish her proper directions for perfecting her appeal.

In accordance with section 96.6(5) of the Iowa Employment Security Law, chapter 96, The Code, the IESC "shall promptly notify the interested parties of its findings and decision." Iowa Employment Security Commission Rule 4.2(5)c assigns to the commission the same responsibility (Iowa Departmental Rules 1971, page 351).

The IESC complied with the law by mailing appellant not only a statement of the case, the findings of fact, the conclusions of law and the commission's decision, but also a notice of decision of commission. The intended effect of the latter statement was to notify appellant her administrative appeals were exhausted and advise her of her statutory right to judicial review and the time available to initiate an appeal from the commission's decision. It is apparent the purpose of this notice is quite dissimilar to that of a form of process. The notice is not "misleading" because it does not embody "a clear and concise direction to the claimant what she must do to receive judicial review of the Commission's decision." Since appellant advances no authority for the proposition the notice of decision of commission must outline the procedure to obtain court review, we assume she found none.

■ The notice of the commission mailed to appellant was not defective in the respects urged. The notice conforms to the statutory requirements. It is not required that the notice advise an aggrieved party by a clear and concise direction as to the technical steps necessary to perfect an appeal in the district court from a decision of the commission.

In view of our construction of section 96.6(5) and in light of the record presented, we need not reach the question of the applicability of rules 48 and 49, Rules of Civil Procedure, as advanced by appellees in support of the trial court's ruling.

The trial court was correct in sustaining the special appearances of appellees.

III. A decision of the IESC becomes final ten days after the date notification of the commission's findings and decision is mailed to the claimant. And an action for statutory judicial review must be instituted within ten days *after* the decision becomes final. Section 96.6(9), The Code.

Appellant alleges in division II of her brief that "the imposition of a ten day period in which to perfect an appeal is both unreasonable and arbitrary and denies claimant of her property without due process of law in violation of the Amendment 14 of the United States Constitution," if a

petition must be served on the defendant-commission within the ten day period to invoke the jurisdiction of the district court. No case law is cited in support of this contention.

█ Nor was the constitutionality of section 96.6(9), which prescribes the time a claimant has to perfect an appeal for judicial review, challenged by appellant in the district court. Hence, the issue need not be considered on this appeal from an order sustaining appellees' special appearance. "A special appearance has for its purpose the interposing of objection to jurisdiction, such being the sole question placed before the court by such a restricted appearance." Tice v. Wilmington Chemical Corp., 259 Iowa 27, 34, 141 N.W.2d 616, 621.

Appellant's second assignment relied on presents nothing for review in this court. See State v. Tokatlian, 203 N.W.2d 116, 120 (Iowa 1972).

The matter is therefore affirmed.

Affirmed.