**SOUTHWEST FS, INC.,**
**Plaintiff-Appellee,**

v.

**Stanley E. FISHER,**
**Defendant-Appellant.**

**No. 86–486.**

Court of Appeals of Iowa.

Dec. 23, 1986.

Raymond E. Pogge, of Pogge, Root & Fleming, Council Bluffs, for defendant-appellant.

Richard D. Crotty, Council Bluffs, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

This appeal involves a dispute between Plaintiff Southwest FS, Inc., a farm products supplier, and Defendant Stanley Fisher, a landlord, concerning entitlement to a check issued by the Pillsbury Company as payment for beans sold. Fisher appeals from a declaratory judgment that Southwest's security interest in a farm crop was superior to the interest acquired by Fisher under an agreement with a tenant. Fisher asserts his interest was not inferior due to his failure to timely perfect a landlord's lien in the manner provided by Iowa Code Chapter 570 (1985). We agree.

The beans in question were raised during the 1984 crop year on a Mills County farm owned by Fisher. Fisher had leased the farm to a tenant, now bankrupt, under a cash rent lease. The tenant is not a party to this proceeding.

On April 24, 1984, the tenant gave Southwest a security agreement covering all crops then growing or thereafter planted on Fisher's land. Southwest filed a financing statement with the Secretary of State on April 25, 1984, covering the same property. The tenant was unable to pay his cash rent and entered into an agreement whereby Fisher would harvest the beans and take his share. Fisher harvested the beans and delivered them to Pillsbury on November 20, 1984. Pillsbury issued a check for the beans made payable to the order of the tenant, Southwest and Fisher. The check was mailed to Fisher and has not been cashed.

Thereafter, the tenant filed for bankruptcy. The bankruptcy court abandoned the check issued by Pillsbury in the amount of $4,173.05. The tenant's debt, secured by Southwest's security agreement, was $5,557.83. The unpaid cash rent the tenant owed to Fisher for the term was $6,300.

Southwest filed a declaratory judgment action asking the district court to declare its rights to the check was superior to Fisher's rights. Fisher answered claiming his rights were superior. Evidence was taken and the district court entered an order determining Fisher's lien had expired six months after the term and therefore Southwest had a superior right to the proceeds. This appeal followed.

Our review is de novo. Iowa R.App.P. 4.

The parties agreed Fisher had a statutory landlord's lien on the beans under Iowa Code § 570.2 (1985) and Southwest had a valid security interest by virtue of its April, 1984 filing.[1] Furthermore, the parties agree Fisher's statutory landlord's lien had preference over Southwest's lien in the six months immediately following the expiration of the lease term. The lease term

ended December 31, 1984. The sole issue we must resolve is whether, under this factual situation, Fisher lost his statutory lien six months after the expiration of the lease term.

Iowa Code § 570.1 (1985) statutorily provides for a landlord's lien:

A landlord shall have a lien for the rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and which is not exempt from execution.

Section 570.2 establishes the duration of a landlord's lien:

Such lien shall continue for the period of one year after a year's rent, or the rent of a shorter period falls due. But in no case shall such lien continue more than six months after the expiration of the term.

Fisher claims when the tenant turned the beans over to him for unpaid rent the lien was satisfied, the beans became his and no further action on his part was necessary.

Southwest claims Fisher failed to perfect his lien and therefore lost his statutory landlord's lien. Southwest's argument centers on the contention that the exclusive method for perfecting the lien is under the provision of Iowa Code Chapter 570.

Iowa Code § 570.5 (1985) provides:

The lien *may* be enforced by the commencement of an action, within the period above prescribed, for the rent alone, in which action the landlord shall be entitled to a writ of attachment, upon filing with the clerk a verified petition, stating that the action is commenced to recover rent accrued within one year previous thereto upon premises described in the petition; and the procedure thereunder shall be the same, as nearly as may be, as in other cases of attachment, except no bond shall be required. (emphasis added).

For a landlord to recover, under a statutory landlord's lien, the value of grain raised on his premises, the landlord must

---

1. Southwest makes no claim under Iowa Code

Chapter 570A, Agricultural Supply Dealers Lien.

bring action against the purchaser of the grain within the time provided by the statute creating the lien. *Boyd v. Stipp,* 151 Iowa 276, 278, 131 N.W. 22, 22 (1911); *Nickelson v. Negley,* 71 Iowa 546, 547, 32 N.W. 487, 487–88 (1887). The existence of the lien, however, is essential to such action in the first instance. *Boyd,* 151 Iowa at 279, 131 N.W. at 22.

The purpose of § 570.5 is to provide a method of enforcement so that the landlord is able to realize the benefits of the lien. *O'Donell v. Davis,* 201 Iowa 214, 217, 205 N.W. 347, 349 (1926). However, we find no support for the theory that action under § 570.5 is the exclusive method of enforcement of a statutory landlord's lien.

When the tenant voluntarily delivered the beans to Fisher, Fisher took possession of the security. The tenant agreed he owed Fisher rent and gave Fisher that much of the crop as Fisher needed to satisfy the rent. Fisher could not have obtained any greater right from the tenant by enforcing his lien through the commencement of an action.

To adopt the rule Southwest urges would require a landlord to commence an action under § 570.5 every time a tenant delivers crops in satisfaction of rent. This does not appear to be the intent of the statute nor would it be a desirable result.

In *Salinger v. Glidden Farmers' Elevator Co.,* 210 Iowa 668, 676, 231 N.W. 366, 370 (1930), the court held the landlord's lien was satisfied by delivery of corn to him. We find further support for our position in *Bergman v. Guthrie,* 89 Iowa 290, 292, 56 N.W. 502, 504 (1893).

In *Bergman,* the tenant delivered stock, grain and implements to the landlord to be credited upon rent already due and rent to become due. *Bergman,* 89 Iowa at 292, 56 N.W. at 503. After delivery of the property to the landlord it was garnished by other creditors of the tenant. *Bergman,* 89 Iowa at 294, 56 N.W. at 503. The court held the turning over of the property to the landlord did not release the landlord's lien, but rather served "to recognize and enforce them by sale of the property subject to them, and an application of the proceeds in payment of the debts." *Bergman,* 89 Iowa at 294, 56 N.W. at 503–04. *See also Jasper County Savings Bank v. Klauenberg,* 218 Iowa 578, 255 N.W. 884 (1934) (Court recognized agreement between chattel mortgagor and mortgagee to sell property to satisfy liens to exclusion of other creditor mortgagor).

When Fisher took the beans and sold it he enforced his lien. The proceeds were not sufficient to satisfy his full statutory lien.

We determine therefore the money from the sale of the beans is Fisher's. The judgment of the trial court is reversed and judgment is entered in Fisher's favor.

REVERSED.