**IN THE COURT OF APPEALS OF IOWA**

No. 23-1786
Filed December 4, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VANESSA RENAE GALE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton

(Motion to Suppress) and Phillip J. Tabor (Bench Trial), Judges.


        A defendant appeals her conviction for possession of a controlled

substance, second offense.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.  Tabor, C.J.,

takes no part.

**AHLERS, Presiding Judge.**

An undercover police officer was surveilling a business when she noticed an individual known to her leave the business, get in his car, and drive away. The undercover officer called in to dispatch to check the individual's driving status, and dispatch confirmed he did not have a valid driver's license. The undercover officer requested uniformed officers to conduct a traffic stop.

Before uniformed officers could arrive, the individual pulled into a convenience store and went inside. The uniformed officers arrived in time to see the individual exit the store accompanied by Vanessa Gale. Both got into Gale's car, and she drove it a short distance across the parking lot to the gas pumps near where the individual's car was parked. After Gale stopped her car, the uniformed officers pulled their squad car behind Gale's car, activated emergency lights, briefly sounded the squad car's horn, and briefly sounded the siren.

The officers got out of the squad car and approached Gale's vehicle, one officer on each side. As the officer on Gale's side of the vehicle approached, Gale rolled her window down, and the officer immediately noticed the smell of marijuana coming from inside the car. The officer initially explained to Gale that they were there about her passenger and told the passenger why they were going to detain him. Shortly thereafter, the officer told Gale that they were also going to investigate the smell of marijuana. As part of that investigation, the officer had Gale get out of the car to search it. Two bags of marijuana, a stack of money, and an open container of vodka were found in the car. In addition, four tablets that tested positive for methamphetamine were found in Gale's purse.

The State charged Gale with two counts of possession of a controlled substance, second offense—one count for the methamphetamine and one for the marijuana. She filed a motion seeking to suppress evidence, claiming she was unconstitutionally seized. Following a hearing, the district court denied the motion. Gale consented to a trial on the minutes and was found guilty of the charges.

Gale appeals, reprising her argument that she was illegally seized, so the evidence found in her vehicle and purse was inadmissible. She also asserts the imposed sentence is illegal because she does not have a predicate conviction that would make her offenses second offenses.

## I. Legality of the Seizure

Gale alleges that all evidence obtained from the search of her car and purse should be suppressed because the evidence is the fruit of a seizure that violated her right to be free from unreasonable seizures secured by the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 8 of the Iowa Constitution. Although Gale argues the seizure violated her rights under both constitutions, she does not separately brief or analyze her state constitutional argument. As a result, we consider both the state and federal constitutional claims simultaneously and apply the federal standards governing the Fourth Amendment. *See State v. Warren*, 955 N.W.2d 848, 859 (Iowa 2021). The standard of review for challenges to a district court's denial of a motion to suppress based on constitutional grounds is de novo. *State v. Cyrus*, 997 N.W.2d 671, 676 (Iowa 2023). With de novo review, we review the record and "independently evaluate the totality of the circumstances." *Id.* (citation omitted). Deference is

given to the fact findings of the district court due to its ability to personally view and evaluate the credibility of witnesses, but we are not bound by such findings. *Id.*

We start our analysis with the State's claim that Gale was not seized. We make quick work of this claim. Even temporary detention of an individual during a traffic stop is a seizure within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). To determine if someone is seized, we look at the totality of the circumstances. *Cyrus*, 997 N.W.2d at 676. "No seizure occurs if a reasonable person would feel free to leave." *Id.* Here, two uniformed police officers in a marked squad car abruptly pulled in behind Gale's vehicle, activated the squad car's emergency lights, blew the squad car's horn, and briefly activated the siren. The officers immediately got out of the squad car and approached both sides of Gale's vehicle while shining a flashlight into the vehicle. A reasonable person would not feel free to leave under these circumstances. Gale was seized.

Having determined that Gale was seized, we must decide whether the seizure was lawful. Gale does not dispute the fact that officers had the right to seize the individual they had tracked to the store who was seated in her vehicle's passenger seat. This detail is fatal to Gale's claim that the seizure of her was unlawful. Law enforcement officers are permitted to stop a vehicle when they have probable cause to arrest a subject in the vehicle. *United States v. Cardenas-Celestino*, 510 F.3d 830, 833 (8th Cir. 2008). The officers are not required to have reasonable suspicion of criminal activity as to every occupant of a vehicle before they are permitted to stop it. *State v. Kreps*, 650 N.W.2d 636, 646 (Iowa 2002). As the officers were permitted to apprehend the passenger, the officers were

permitted to stop the vehicle, even though that resulted in a temporary seizure of Gale—a person for whom the officers had no probable cause or reasonable suspicion to stop independent of her passenger. This initial seizure did not violate Gale's constitutional rights due to the presence of her passenger.

During the temporary and lawful initial seizure of Gale, one of the officers detected the smell of marijuana wafting from the vehicle. This gave the officer independent reasonable suspicion justifying the further detention and search of Gale that led to the discovery of the drugs in her car and purse. *See State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984) ("The patrolman smelled the odor of marijuana drifting from the car when he approached defendant, who was seated behind the steering wheel. The odor of that controlled substance in the automobile gave the patrolman reasonable cause to conduct a comprehensive search of the car."); *see also State v. Watts*, 801 N.W.2d 845, 854 (Iowa 2011) (holding the smell of marijuana can establish probable cause for issuance of a search warrant). As Gale's challenge is limited to the lawfulness of her initial seizure, and we find that seizure lawful, her challenge to the district court's refusal to suppress the evidence found in Gale's car and purse fails.

## II. Challenge to Proof of Prior Conviction

To understand Gale's second challenge, some procedural history is helpful. As noted, the State charged Gale with two counts of possession of a controlled substance as second offenses. The minutes of testimony filed with the trial information included information about Gale's criminal history showing a prior conviction for possession of a controlled substance in violation of Iowa Code section 124.401(5) (2016)—an offense which would constitute a predicate offense

to enhance future offenses. *See* Iowa Code § 124.401(5)(a) (2022) (enhancing level of crime for possession of a controlled substance when a defendant has been previously convicted of violating Iowa Code chapter 124). The parties agreed to a bench trial on the minutes. The district court, relying on the information in the minutes about Gale's criminal history, found her guilty as charged—that is, to two counts of possession of a controlled substance, each as a second offense—and sentenced her accordingly.

Gale contends she received an illegal sentence when the court sentenced her for two counts of possession of a controlled substance as second offenses. She argues the sentence was illegal because she did not have the necessary predicate conviction that would enhance her charges to second offenses. Although the State concedes error on this issue, we decline to accept the concession and affirm on this issue. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (recognizing that the appellate court is not bound by a party's concession), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

To start, we do not agree with Gale's framing of the issue as a challenge to the legality of the sentence. Instead, we find she is challenging the sufficiency of the proof of her prior conviction. In addressing this challenge, both Gale's argument and the State's concession rely on filings in Gale's prior criminal case. The parties attempt to contradict the criminal-history report admitted as evidence in this case, which shows a prior predicate offense of possession of a controlled substance, by pointing us to the judgment entry in that prior case purporting to show that Gale was convicted of a different offense that would not be a predicate

offense to enhance Gale's instant convictions. But Gale's argument and the State's concession rely on filings that are not part of our record. Keeping in mind that the district court's fact findings have the effect of a special verdict, *see* Iowa R. App. P. 6.907, we look at the evidence presented to determine its sufficiency. Neither party suggests the evidence before the district court was insufficient to support its finding that Gale had a predicate offense. Instead, the parties ask us to rely on extraneous evidence not presented to the district court. But we are not permitted to consider such evidence, so we decline Gale's request for relief based on this extraneous information.[1] *See Kliege v. Iowa Emp. Sec. Comm'n*, 206 N.W.2d 123, 126 (Iowa 1973) ("[F]acts not properly presented to the court during the course of trial and not made a part of the record presented in this court as well as assigned errors based on such extraneous matter will not be considered by this court on review.").

By consenting to a trial on the minutes that included a criminal-history report showing that Gale had been convicted previously of possession of a controlled substance, Gale consented to the creation of a record that shows she had a predicate offense that enhanced both charges in this case. As such, there is no basis for us to conclude that there was insufficient evidence supporting her convictions that would make her resulting sentence illegal. *See State v. Parker*,

---

[1] We also decline Gale's request to take judicial notice of the filings in her prior case. Gale's reliance on *State v. Hopper*, No. 15-1855, 2017 WL 936085 (Iowa Ct. App. Mar. 8, 2017), is not persuasive. In *Hopper*, we took judicial notice of information regarding restitution payments in the very case that was on appeal. 2017 WL 936085, at *3. Here, Gale is asking us to take judicial notice of filings in an entirely different case, which we decline to do. *See State v. Washington*, 832 N.W.2d 650, 656 (Iowa 2013) (refusing to take judicial notice of other court files on appeal).

747 N.W.2d 196, 212–13 (Iowa 2008) (holding that only the record can be considered in determining predicate offenses and, if the information in the record about predicate offenses is inaccurate, the proper avenue for relief is through postconviction-relief proceedings). We affirm on this issue.

### III. Conclusion

For the reasons stated, we affirm the district court's finding that officers properly seized Gale for the limited purpose of apprehending her passenger. As the smell of marijuana coming from Gale's vehicle then provided independent justification for continued seizure of Gale, Gale's constitutional rights were not violated. We also deny Gale's challenge to the proof of her predicate offense. Her convictions and resulting sentence are supported by the record.

**AFFIRMED.**